The **BOBRICK CORPORATION,**
Appellant,

v.

**AMERICAN DISPENSER CO., Inc.,**
Appellee.

No. 20101.

United States Court of Appeals
Ninth Circuit.

April 14, 1967.

Thomas P. Mahoney, Mahoney, Halbert & Hornbaker, Los Angeles, Cal., for appellant.

Burgess, Ryan & Hicks, S. Augustus Demma, John F. Ryan, New York City, Harris, Kiech, Russell & Kern, Charles E. Wills, Los Angeles, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

CHAMBERS, Circuit Judge:

Bobrick, a Delaware corporation, has a patent on soap dispensers. It says American, a New York corporation, and others in California are selling and using devices that infringe the patent.

This infringement action was filed in the Central Division of the District Court of Southern California, now the Central District of California.

Promptly after Bobrick filed its complaint in California against American, the latter brought a declaratory judgment action on the same patent in the United States District Court for the District of Delaware. Thus, Bobrick wants the issues tried in California and American wants them tried in Delaware.

The district court's first order in California with reference to American in pertinent part, is as follows:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

"(1) The return of service upon Burton L. Feinson is quashed;

"(2) The action as to Burton L. Feinson is dismissed;

"(3) The hearing on the motion to dismiss as to American Dispenser Company, Inc. is continued to March 1, 1965, at 2:00 p. m.; and

"(4) The plaintiff, The Bobrick Corporation, may proceed with discovery on the issue of whether American Dispenser Company, Inc. has committed acts of infringement and has a regular and established place of business within the Southern Judicial District of California."

For an understanding of the order, one must examine Bobrick's attempted service on American, American's attack on it, and American's connections with the State of California.

Burton L. Feinson is an officer of American. He was named as one of the defendants. The California process apparently was handed to him in New York under an announcement that the service was upon him individually and upon American. No one now contends that this service was any good.

Before the New York service, Bobrick had procured the delivery of summonses and complaints in Los Angeles to Philip Shore, a partner in unincorporated Shore-Robertson & Associates. The

marshal reported in his return that he served Shore-Robertson & Associates by leaving appropriate copies with "Philip Shore, co-owner;" that he served Philip Shore by leaving the copies with "Philip Shore, individually;" and that he served American Dispenser by leaving copies with "Philip Shore, co-owner of Shore-Robertson & Associates, the Western Distributor of American Dispense (sic) Inc. products."

Circumstantially it would appear that American was not aware that one set of a copy of the complaint and the summons left with Shore was intended for it. Just when it became aware is not clear. After the delivery of the papers to Shore, American let 65 days pass before it appeared with a motion "to quash service for lack of Jurisdiction of the Person and to Dismiss for Improper Venue." The thrust of the motion was entirely at the purported service upon American in New York by delivering papers to Feinson 20 days previously in New York and at asserted improper venue under the patent venue section, 28 U.S.C. § 1400(b).

Bobrick's opposition to the motion to quash filed eight days afterwards puts the issue of the service upon American, by serving Shore, before the court for the first time. Its memorandum begins: "The marshal's return of service shows that Mr. Philip Shore accepted service of the summons and complaint on American Dispenser, Inc., * * * on November 12, 1964, at American's new offices, 5401 South Santa Fe Avenue, Los Angeles, California." Then the pitch of Bobrick's argument is that there was service on American at "a regular and established place of business in the [California] district." These quoted words appear in the patent jurisdiction section, 28 U.S.C. § 1694, and the patent venue section 28 U.S.C. § 1400(b).

Oddly, seven days later American replied to Bobrick's objections and stood upon the ground that Bobrick had not supported the Feinson service or the venue, but it (American) did not yet attack the attempted service upon it through Shore.

After a hearing, the district court quashed the service upon Feinson and dismissed as to Feinson individually. (We are satisfied that the order covered all service upon or through Feinson). But the court ordered the motion to dismiss as to American Dispenser continued for about six weeks and added: "The Bobrick Corporation may proceed with discovery on the issue of whether American Dispenser, Inc. has committed acts of infringement and has a regular and established place of business within the Southern Judicial District of California." This order would not seem to be necessarily cast either in the terms of personal jurisdiction or venue, remembering as we must, that both the federal patent jurisdiction and venue sections use "regular and established place of business."

Pursuant to the order, Philip Shore was deposed for about 74 pages of testimony; and exhibits accompanied his deposition. Also, there are affidavits and exhibits attached to them in the record.

We see no conflict in the evidence to be resolved, all of which concerns the nexus between American and the State of California.

Briefly the evidence shows that Shore-Robertson and Associates is a sales organization in the business of selling for its own account the products of a number of manufacturers. Among the products that Shore-Robertson handles are the soap dispensers of American Dispenser. Shore-Robertson orders the dispensers from American's New York office. The dispensers are then shipped F.O.B. New York and Shore-Robertson is immediately liable for payment. Shore-Robertson resells the dispensers, mostly in California, at its own price. Shore-Robertson pays the California personal property tax on all warehoused stock purchased from American Dispenser.

The evidence also shows that American Dispenser has a listing in the Los Angeles phone book and that the address and phone number are the same as those that were listed for Shore-Robertson

(then Philip Shore and Associates) before a recent move. The listing was initiated, and paid for, by Shore-Robertson in accordance with their policy of listing the names of those corporations whose products they handle. The name of American is also on a sign on the front of the building occupied by Shore-Robertson. The sign was erected by Shore-Robertson without American's consent.

On October 24, and 25, 1964, there was a booth at the NSSA West Coast Trade Show in Los Angeles exhibiting the products of American Dispenser. This booth was paid for by Shore-Robertson and largely manned by its employees. Mr. Burton Feinson, the general manager of American Dispenser, was in the booth from time to time and took some orders in the name of Shore-Robertson.

American filed a further memorandum on March 12, 1965 mainly directed at venue. But it is replete with the contention of no "regular and established place of business."

Arguments were had before the court on what was left of the pending motion. The effective part of the order which ensued is as follows:

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's motion is granted and the action against American Dispenser Company, Inc. is dismissed on the grounds that the Court does not have jurisdiction over the person of American Dispenser Comany, Inc. because Philip Shore is not an agent thereof for the service of summons in the State of California, and venue for patent infringement does not lie in this Judicial District under Section 1400(b) of Title 28, United States Code, because American Dispenser Company, Inc. does not reside in this Judicial District nor does it have a regular and established place of business therein."

After argument and before the signing of the order, Bobrick, who earlier had introduced the issue of good service upon American by service on Shore, objected in writing that American had not attacked the service on American through Shore. American replied in writing that that was what much of the contention at oral argument was about in that apparently the judge had argued with counsel for Bobrick (and vice versa) about it. In the face of the record of the judge's act of later signing the order knocking out the service through Shore, we must conclude that he thought the issue was before him. And, we hold it was.

But what is the effect of backing into the issue instead of having it neatly pleaded?

■ Rule 15 of the Federal Rules of Civil Procedure is cast primarily in terms, it would seem, of complaints and answers. But we think it covers motions and factual issues under motions. Subsection (b) says:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."

But what law to test the service upon Shore as a representative of American, do we apply? We find that 28 U.S.C. § 1694 reads as follows:

"In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business."

Parenthetically, we may comment that service complying with the foregoing would surely generally get personal jurisdiction and, here, of American.

Subdivisions (d) (3) and (d) (7) of Rule 4 of the Federal Rules of Civil Procedure provide as follows:

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state. As amended Jan. 21, 1963, eff. July 1, 1963."

 Believing that Section 1694 and the California tests for effective service do not offend due process, we come to: What rule do we apply?

California Code of Civil Procedure Section 411, provides that "The summons must be served by delivering a copy thereof as follows: * * * 2. If the suit is against a foreign corporation * * doing business in this state; in the manner provided by Sections 6500 to 6504, inclusive, of the Corporations Code."

Section 6500 of the Corporations Code provides that "Delivery by hand of a copy of any process against a foreign corporation (a) to * * * the general manager in this State * * * shall constitute valid service on the corporation."

██ In our judgment, a plaintiff can get personal jurisdiction over a foreign corporation in a patent suit in California if his service meets the test of either section 1694, supra, or the California law.

Perhaps, it is possible that one could have "a regular and established place of business," the federal patent test, without doing any business, but it is a little hard to imagine. Conversely, one can do a lot of business in a foreign state on a rather mobile basis and without having any one particular place of doing the business. Thus, we proceed to the California law.

The California Supreme Court has equated the California statutory requirement that a corporation must be "doing business in this state" with the idea of minimum contacts outlined in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The Supreme Court said in Jahn & Son, Inc. v. Superior Court, 49 Cal.2d 855, 858, 323 P.2d 437, 439: "That term [doing business in this state] is a descriptive one that the courts have equated with such minimum contacts with the state 'that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' * * Whatever limitation it imposes is equivalent to that of the due process clause."

In Cosper v. Smith & Wesson Arms Co., 53 Cal.2d 77, 346 P.2d 409, the California Supreme Court indicated that the doing business concept is "synonymous with the power of the state to subject foreign corporations to local process." In that case, with some similarity to the instant case, the court held that service upon a manufacturer's representative was binding against the manufacturer. Good personal jurisdiction was found as to Smith & Wesson on the theory that it had sufficient contacts with California, so that due process was not offended by subjecting it to local process. The contacts found to be adequate to satisfy due process in Cosper v. Smith & Wesson Arms Co., supra, included a continuing relationship between Smith & Wesson and a manufacturers representative whereby the latter would distribute and sell Smith & Wesson products, distribute Smith & Wesson supplied advertising,

service dealer accounts, recommend people to Smith & Wesson as potential dealers and forward dealer complaints to Smith & Wesson. In addition there were provisions for the representative to receive a five per cent discount on all the products it sold.

Shore-Robertson, in the instant case, does not appear to have occupied a position analogous to that occupied by the manufacturer's representative in Cosper v. Smith & Wesson Arms Company, supra. Shore-Robertson is a sales organization reselling the products of a number of manufacturers and has no contractual relationship with American Dispenser. There is no American Dispenser dealer organization for Shore-Robertson to service and no evidence that Shore-Robertson forwards customer complaints to American Dispenser. More important Shore-Robertson receives no discount on merchandise that it purchases from American Dispenser. And it resells American Dispenser products at its own prices.

Shore-Robertson appears to be an independent organization and does not appear to be a disguised American Dispenser agent. The fact that Shore-Robertson maintained and paid for a phone listing in American Dispenser's name and that Shore-Robertson had a sign on its building with American Dispenser's name on it, is not alone enough to change this conclusion absent any showing American Dispenser initiated or supported these representations.

On the present record, we do not think California would hold the attempted service on American through Shore to be effective.

As we have indicated above, 28 U.S.C. § 1694 (how to get personal jurisdiction in a patent case) and 28 U.S.C. § 1400 (patent venue) both require "a regular and established place of business" in the forum. Thus, if there was no jurisdiction under the § 1694 route, there was no venue under § 1400.

We can conceive of personal jurisdiction obtained under California state service, permitted by the Federal Rules, and venue being lost under § 1400. So we can see no way that the district court's judgment was wrong. If we were to say Cosper v. Smith & Wesson Arms, supra, indicates the service made on Philip Shore as the claimed agent of American Dispenser was good California service, still Bobrick would fail on venue. Dismissal still seems to be the ordinary remedy for lack of venue in patent cases. And, it may be noted that no one has moved to transfer the case to Delaware.

There is no indication that the factual background of the American's connection with California was not fully explored. The evidence on anything material seems not in dispute. It is just a question of its significance. Therefore, we see no reason for a remand to inquire further as to the facts.

The dismissal is affirmed.