The **WELCH SCIENTIFIC COMPANY,**
Plaintiff-Appellant,

v.

The **HUMAN ENGINEERING INSTITUTE, INC.,** Defendant-Appellee.

**No. 17075.**

United States Court of Appeals
Seventh Circuit.

Aug. 5, 1969.

Rehearing Denied Aug. 27, 1969.

Certiorari Denied Jan. 12, 1970.
See 90 S.Ct. 552.

---

4. See Baker v. Fleet Maintenance, Incorporated (7th Cir., 1969), 409 F.2d 551, 553.

John D. Dewey, John L. Alex, Chicago, Ill., for appellant.

William W. Fullagar, Joseph S. Wright, Jr., Chicago, Ill., Bruce B. Krost, Cleveland, Ohio, for appellee; Woodling, Krost, Granger & Rust, Cleveland, Ohio, Hackbert, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., of counsel.

1. Judge Myron L. Gordon is sitting by designation from the United States District Court for the Eastern District of Wisconsin.

Before SWYGERT and KERNER, Circuit Judges, and GORDON, District Judge.[1]

KERNER, Circuit Judge.

The Welch Scientific Company (Welch) appeals from an order of dismissal of its patent infringement action against The Human Engineering Institute, Inc. (HEI). The district court acting under Fed.R.Civ.P. 56 dismissed the suit for want of jurisdiction over subject matter, service of process and venue.

Welch, an Illinois corporation, is the owner of a patent on an electronic teaching machine. In its complaint, Welch charges that the use of a "Didactor" machine by HEI infringes upon its patent.

HEI an Ohio corporation, is engaged in the development and operation of training programs for production, maintenance and supervisory personnel. One of its schools was located in Chicago, Illinois. In the spring of 1967 HEI entered into negotiations with Republic Steel for the sale of various training centers including the one in Chicago, Illinois. The sale of the real estate and personal property did not take place until August 30, 1967. However, Norbert Matts, the general manager of the Chicago teaching center, became an employee of Republic on June 15, 1967, and no training activities were conducted under the auspices of HEI after that date.

Welch's complaint against HEI was filed on July 21, 1967, in the Northern District of Illinois and service of summons was made on Matts on July 31, 1967. On December 1, 1967, a second service of process was effectuated under the Illinois long arm statute, Ill.Rev. Stat. ch. 110, § 17, on the attorney for HEI in Cleveland, Ohio, who accepted on behalf of its registered agent, who is retired.

■ The district court has jurisdiction over the subject matter. This is a

suit for patent infringement and is, therefore, under 28 U.S.C. § 1338 a "civil action arising under any Act of Congress relating to patents * * *." James C. Wilborn & Sons, Inc. v. Brandex Tilt Sash, Inc., 380 F.2d 44 (7th Cir. 1967).

The next question is whether or not service of process was proper. Defendant contends that since HEI was no longer in business in Illinois at the time of the service on Matts and because Matts was an employee of Republic, service of process on him was invalid. We need not determine the validity of the service on Matts because it is our conclusion that the second service under the Illinois long arm statute was valid.

▮ Defendant contends that because of the specific provision governing service of process in 28 U.S.C. § 1694, Rule 4(d) (7) of the Fed.R. of Civ.P., permitting service under the laws of the state in which the court is sitting, is inapplicable. We disagree.

28 U.S.C. § 1694 states:

Patent infringement action

In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agent or agents conducting such business. June 25, 1948, c. 646, 62 Stat. 945.

There is nothing in the language of § 1694 to indicate that Congress intended that section to provide the exclusive basis for service of process. Section 1694 is not a jurisdictional statute but, instead, provides an additional method of obtaining service of process on an individual defendant who is not a resident but "has a regular and established place of business" in the district. Without such provision, there would be no method or of serving an individual defendant who is not a resident of the district but who has an established place of business as required by the patent venue statute and is not otherwise amenable to service

under Fed.R.Civ.P. 4(d) (7). Notes to Advisory Committee on Federal Rules of Civil Procedure Rule 4(d) (1).

Fed.R.Civ.P. 4(d) (7) states in part: "it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States *or* in the manner prescribed by the law of the state in which the district court is held * * *." [emphasis added.] The use of the disjunctive "or" suggests an intention on the part of the drafters of Rule 4(d) (7) that service of process under state statutes should be viewed as a co-equal alternative to federally prescribed service and further, that the federal statutes, such as § 1694, should not be construed as a restriction on the service of process contemplated by state statutes. Since § 1694 is not jurisdictional our reading of Rule 4(d) (7) does not expand the jurisdiction of the district courts in violation of Fed.R.Civ.P. 82.

Our conclusion is consistent with the Ninth Circuit's decision in Bobrick Corporation v. American Dispenser Co., Inc., 377 F.2d 334 (9th Cir. 1967), where the court held that compliance with either section 1694 or the California statute applicable under Fed.R.Civ.P. 4(d) (7) would be sufficient but that neither was satisfied. The same view has also been espoused in Shelton v. Schwartz, 131 F.2d 805 (7th Cir. 1942), and Ruddies v. Auburn Spark Plug Co., 261 F.Supp. 648 (S.D.N.Y.1966). We conclude that Fed.R.Civ.P. 4(d) (7) provides an independent means of obtaining service of process in patent infringement actions.

▮ The Illinois long arm statute, Ill.Rev.Stat. ch. 110, § 17, provides for service when a person or his agent has committed a "tortious act" within the state. Here, defendant is charged with infringing plaintiff's patent, a tortious act, in Illinois. Therefore, the district judge improperly dismissed the suit for lack of valid service of process.

▮ Title 28 U.S.C. § 1400(b) specifically sets out the venue provision for

patent infringement suits. The general venue provisions in § 1391 are not applicable to patent infringement cases. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Section 1400(b) provides:

§ 1400. Patents and copyrights:

\* \* \* \* \* \*

(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. June 25, 1948, c. 646, 62 Stat. 936.

Since defendant here does not reside in the Northern District of Illinois, the question is whether "defendant has committed acts of infringement and has a regular and established place of business \* \* \*." in the district. Defendant contends that although he was alleged to have committed acts of infringement in the district, since he did not have a regular and established place of business at the time the suit was filed, venue is improper.

We think, however, that under the patent venue statute, venue is properly lodged in the district if the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter. It is our view that employing the test here is fair and reasonable.[2] The defendant says that we cannot accept the test of when the cause of action accrued because *Fourco Glass* requires a narrow construction of section 1400(b).

The predecessor of section 1400(b) is section 48 of the Judicial Code which was adopted in 1897. The purpose of this special patent venue statute was to avoid the interpretation then being given to the general venue statute which allowed a defendant in a patent infringement action to be sued wherever he could be found. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). In *Fourco Glass* the Court of Appeals had read section 1400(b) in conjunction with section 1391(c) and held that a defendant in an infringement action may be sued where it is doing business even if an infringement did not take place in that district. Transmirra Products Corp. v. Fourco Glass Co., 233 F.2d 885 (2d Cir. 1956). The Supreme Court, in reversing, held that Congress had created a specific patent venue statute and that it should not be expanded by looking to section 1391(c). Here, by interpreting "regular and established place of business in the judicial district" to mean at the time the cause of action accrues and a reasonable time thereafter, we are not expanding patent venue jurisdiction. We are not holding that a defendant charged with

---

2. The federal courts are divided as to the application of this test under section 1391(c). Cases which have held that § 1391(c) applies at the date the cause of action accrues are: Snyder v. Eastern Auto Distributors, Inc., 357 F.2d 552 (4th Cir. 1966), cert. denied, 384 U.S. 987, 86 S.Ct. 1889, 16 L.Ed.2d 1004 (1966); Farmers Elevator Mutual Insurance Co. v. Carl J. Austad & Sons, Inc., 343 F.2d 7 (8th Cir. 1965); and Ward v. Island Creek Fuel & Transportation Co., 261 F.Supp. 810 (N.D.W.Va.1966). But cf. Dixie Carriers, Inc. v. National Maritime Union of America, 35 F.R.D. 365 (S.D.Texas 1964). In Eastland Construction Co. v. Keasbey and Mattison Co., 358 F.2d 777 (9th Cir. 1966), the court held § 12 of the Clayton Act, 15 U.S.C. § 22, to mean corporations which transact business in the district at the date the cause of action accrues. See also Comment, Venue: Then or Now: Section 22 of the Sherman Act, 115 U.Pa.L.Rev. 1007 (1967). But see Sunbury Wire Rope Manufacturing Co. v. United States Steel Corp., 230 F.2d 511 (3d Cir. 1956).

Professor Wright criticizes the judicial opinions which look to when the cause of action accrued because "venue is an attempt to provide for the convenience of the parties. \* \* \*" 1–Barron & Holtzoff, Federal Practice and Procedure, § 80 at 282 (C. Wright, ed. 1960, Supp. 1968). However, if venue is inconvenient for the defendant he can probably have the action transferred under 28 U.S.C. § 1404(a).

**36**

patent infringement can be sued in any district where he has never had an established place of business. Rather, we hold that a defendant cannot establish a business in a particular judicial district and then abandon or sell it without remaining amenable to suit for venue purposes in that district for a reasonable time. Such an interpretation does not violate the requirements of a narrow reading of the patent venue statute in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L. Ed.2d 786 (1957).

Here, HEI ceased to conduct business in the district on June 15, 1967. Until that time, if infringement had occurred and a suit filed against HEI, venue would have been proper under section 1400(b) since HEI had a regular and established place of business in the district. We think that 37 days later, when plaintiff filed suit, venue could still be lodged in the district under section 1400(b).

Reversed and remanded.