**DATASCOPE CORP., Plaintiff,**

**v.**

**SMEC, INC., Defendant.**

**Civ. A. No. 81–3948.**

United States District Court, D. New Jersey.

March 21, 1983.

Greenberg, Dauber & Epstein by Melvin Greenberg, Newark, N.J., Fitzpatrick, Cella, Harper & Scinto by Stevan J. Bosses, New York City, for plaintiff.

Weinstein & Sutton by Ezra Sutton, Lou Weinstein, Woodbridge, N.J., Kaufman, Glosser & Greenburg by Peter Greenburg, Washington, D.C., for defendant.

## OPINION

CLARKSON S. FISHER, Chief Judge.

This is a motion brought by defendant SMEC, Inc., to dismiss this action for improper venue or, in the alternative, to transfer the case to the Middle District of Tennessee. The original complaint was filed on December 23, 1981, and it alleged infringement by defendant of U.S. Letters Patent No. 4,261,339 ('339 patent). On May 4, 1982, U.S. Letters Patent No. 4,327,709 ('709 patent) was issued to plaintiff for a medical device closely related to the device covered in the earlier patent. Thereafter, plaintiff sought to amend its complaint to include a count for infringement of the newly issued patent. For undisclosed reasons, SMEC, Inc. refused to consent to the amendment and Datascope formally moved to amend its complaint on August 15, 1982.

The original and amended complaints state that SMEC, Inc. is a corporation existing under the laws of New Jersey, having an office and regular and established place of business in Cookeville, Tennessee. However, on September 7, 1982, SMEC, Inc., the New Jersey corporation, merged into SMEC, Inc., the Tennessee corporation. The resultant entity retained the name SMEC, Inc. and was incorporated under the laws of Tennessee. A certificate of merger was filed with the New Jersey Secretary of State on September 8, 1982.

On September 13, 1982, the motion to amend was heard by the magistrate. No mention of the merger which had occurred one week earlier was made by defendant, nor did plaintiff or the magistrate have any knowledge of such merger. By an opinion dated December 23, 1982, the magistrate permitted amendment of the complaint. Subsequently, defendant filed this motion to dismiss for improper venue since defendant did not reside within the jurisdiction at the time of filing of the amended complaint.

Venue in patent-infringement actions is governed by 28 U.S.C. § 1400(b) which provides "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of this statute, the term "resides" has been held to mean only the state of incorporation. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). The question then remains for this court to determine whether the defendant corporation must reside within the state at the time the complaint is filed or just at the time of the accrual of the action.

■ This analysis will be unnecessary for the cause of action alleging infringement of the '339 patent. Fed.R.Civ.P. 15(c) states that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

original pleading, the amendment relates back to the date of the original pleading." In the present case, the original complaint alleged infringement of the '339 patent. The amendment merely sought to add a claim for infringement of the '709 patent. Therefore, the claim in the amended complaint based upon the '339 patent is the same claim found in the original complaint and relates back to the date of the original pleading. Since there is no question that SMEC, Inc. resided in New Jersey at the time the original complaint was filed, the defendant's motion is denied insofar as it applies to the '339 patent cause of action.

■ The burden rests on a plaintiff to establish venue, *Cordis Corporation v. Cardiac Pacemakers,* 599 F.2d 1085, 1086 (1st Cir.1979), and in a patent-infringement action the plaintiff must establish proper venue as to each patent allegedly infringed. *Digital Equipment Corporation v. Electronic Memories and Magnetics Corp.,* 452 F.Supp. 1262, 1266 (D.Mass.1978); *Kalvar Corporation v. Memorex Corporation,* 386 F.Supp. 273 (E.D.La.1974). Therefore, Datascope must establish proper venue for the '709 claim independent of the '339 claim.

Plaintiff argues that venue is proper for the '709 claim since defendant resided within the State of New Jersey at the time the cause of action accrued, that is, when the infringing acts took place. This is a case of first impression in this jurisdiction and, accordingly, decisions in other jurisdictions and in non-patent cases should be considered. The only decision considering the exact issue raised in this case was rendered in *Welch Scientific Company v. Human Engineering Institute, Inc.,* 416 F.2d 32 (7th Cir.), *cert. denied,* 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970). In *Welch* the defendant was an Ohio corporation with a "regular and established place of business" in Illinois where, and when, the alleged infringing activity occurred. Defendant ceased using its place of business in Illinois thirty-seven days before the action was filed and sought dismissal of the action for improper venue. In denying the motion for dismissal, the court stated "[w]e think, however, that under the patent venue statute, venue is properly lodged in the district if the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter." *Id.* at 35.

In reaching its decision in *Welch,* the court did not fail to consider the requirement of *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), that the patent venue statute be read narrowly. The court reasoned that the *Fourco* case and *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942), mandated that 28 U.S.C. § 1400(b) be considered the exclusive source of authority for venue in patent-infringement cases and should not be supplemented by 28 U.S.C. § 1391(c). The Court in *Fourco* also noted that one of the significant legislative changes made in section 1400(b) was done to eliminate any possible argument that a corporation could be sued where it merely was "doing business." The change made it clear that venue was based on the place of incorporation, that is, where the defendant resides, or where the defendant maintained a regular and established place of business. The Supreme Court later explained in *Pure Oil Co. v. Suarez,* 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1965), that the *Fourco* and *Stonite* decisions were following the purpose and letter of the patent-infringement venue statute in limiting venue, in contrast to previous judicial decisions holding that infringers could be sued wherever they might be found. The *Welch* court concluded that

by interpreting "regular and established place of business in the judicial district" to mean at the time the cause of action accrues and a reasonable time thereafter, we are not expanding patent venue jurisdiction. We are *not* holding that a defendant charged with patent infringement can be sued in any district where he has never had an established place of business. Rather, we hold that a defendant cannot establish a business in a par-

ticular judicial district and then abandon or sell it without remaining amenable to suit for venue purposes in that district for a reasonable time.

*Welch* at 35–36 (emphasis added).

The principle that the time of accrual of an action is crucial to venue rather than the time of filing has been applied in non-patent areas. Numerous anti-trust cases have held that venue will be based on defendant's presence at the time of accrual. *Board of County Commissioners v. Wilshire Oil Co. of Texas,* 523 F.2d 125, 132 (10th Cir.1975); *Eastland Construction Co. v. Keasbey and Mattison Co.,* 358 F.2d 777, 780 (9th Cir.1966); *Adams Dairy Company v. National Dairy Products Corp.,* 293 F.Supp. 1135, 1140 (W.D.Mo.1968). Time of accrual has been applied in a variety of cases using the general venue statute, 28 U.S.C. § 1391(c). *Snyder v. Eastern Auto Distributors, Inc.,* 357 F.2d 552, 556 (4th Cir.), *cert. denied,* 384 U.S. 987, 86 S.Ct. 1889, 16 L.Ed.2d 1004 (1977); *Farmers Elevator Mutual Insurance Co. v. Carl Austad & Sons, Inc.,* 343 F.2d 7, 12 (8th Cir.1965).

One final point to be considered on this issue is this circuit's decision in *Sunbury Wire Rope Manufacturing Co. v. United States Steel Corp.,* 230 F.2d 511 (3d Cir. 1956). There, in an anti-trust matter, the court mentions *in dicta* that it must move on to the issue of waiver of venue since the defendant had terminated its registration and activities in the forum state prior to the filing of the action. The court's ultimate decision that venue was proper was based on a statutory consent to be sued, not on the time of filing. This *dictum* is contrary to the majority view today and I find that it is not controlling in the present case.

■ Here, the original suit was filed while defendant still resided within New Jersey and the motion for permission to file an amended complaint was pending at the time of the merger. At best, the merger and removal from New Jersey was a slick attempt to achieve a dismissal on purely technical grounds. This court holds that time of accrual of the action is the measuring point for determination of venue.

Therefore, as defendant resided within New Jersey prior to and through the initial stages of this action, venue is proper and the defendant's motion is denied.

Defendant's motion for dismissal is also subject to the argument of waiver. N.J. S.A. 14A:10–7 provides

(1) One or more foreign corporations and one or more domestic corporations may be merged or consolidated in the following manner:

. . . .

(c) If the surviving or new corporation is to be a foreign corporation and is to transact business in this State, it shall comply with the provisions of this act with respect to foreign corporations, and, whether or not it is to transact business in this State, the certificate of merger or consolidation required by section 14A:10–4 shall, in addition to other required information, set forth

(i) an agreement by such foreign corporation that it may be served with process in this State in any proceeding for the enforcement of any obligation of any domestic corporation or any foreign corporation, previously amenable to suit in this State, which is a party to such merger or consolidation, and in any proceeding for the enforcement of the rights of a dissenting shareholder of any such domestic corporation against the surviving or new corporation; and

. . . .

When defendant merged into the Tennessee corporation, it filed the required certificate of merger and thereby expressly agreed to the above condition. In *Sunbury Wire Rope Manufacturing Co. v. United States Steel Corp.,* 230 F.2d 511 (3d Cir.1956), the court relied on a similar statutory consent to find a waiver of improper venue. See *Dehne v. Hillman Investment Co.,* 110 F.2d 456 (3d Cir.1940). The *Sunbury* court also noted that the consent was not limited to suit in state courts but included federal suits. See *Oklahoma Packing Co. v. Oklahoma Gas and Electric Co.,* 309 U.S. 4, 60

S.Ct. 215, 84 L.Ed. 447 (1939); *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

In the present case, defendant's Exhibit 2 is a certificate from the New Jersey Secretary of State acknowledging that a certificate of merger was filed in accordance with state statute. As indicated above, this certificate of merger must contain a consent to service of process in the State of New Jersey. Accordingly, I find that the defendant has expressly waived its objection to venue and, therefore, deny the motion to dismiss or to transfer.

Plaintiff will submit an order within ten days. No costs.