## FOURCO GLASS CO. *v.* TRANSMIRRA PRODUCTS CORP. ET AL.

No. 310.   Argued April 2, 1957.—Decided April 29, 1957.

*Edward S. Irons* argued the cause for petitioner.   With him on the brief was *Harold J. Birch.*

*W. R. Hulbert* argued the cause for respondents.   With him on the brief was *William W. Rymer, Jr.*

MR. JUSTICE WHITTAKER delivered the opinion of the Court.

The question presented is whether 28 U. S. C. § 1400 (b) is the sole and exclusive provision governing venue in patent infringement actions, or whether that section is supplemented by 28 U. S. C. § 1391 (c).

Section 1400 is titled "Patents and copyrights," and subsection (b) reads:

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Section 1391 is titled "Venue generally," and subsection (c) reads:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Petitioner, Fourco Glass Company, a West Virginia corporation, was sued for patent infringement in the Southern District of New York. It moved to dismiss for lack of venue,[1] because, although it had a regularly established place of business in the district of suit, there was no showing that it had committed any of the alleged acts of infringement there. The District Court held that there had been no showing of any acts of infringement in the district of suit and that venue in patent infringement actions is solely and exclusively governed by § 1400 (b), as a special and specific venue statute applicable to that species of litigation. It accordingly granted the motion and dismissed the action. 133 F. Supp. 531. The Court of Appeals, without passing on the District Court's ruling that there had been no showing of acts of infringement in the district of suit, reversed, 233 F. 2d 885, 886, holding that proper construction "requires . . . the insertion in" § 1400 (b) "of the definition of corporate

---

[1] Under Rule 12 (b)(3) of Federal Rules of Civil Procedure.

residence from" § 1391 (c), and that the two sections, when thus "read together," mean "that this defendant may be sued in New York, where it 'is doing business.' " We granted certiorari[2] because of an asserted conflict with this Court's decision in *Stonite Products Co.* v. *Melvin Lloyd Co.,* 315 U. S. 561, and to resolve a conflict among the circuits[3] upon the question of venue in patent infringement litigation.

We start our considerations with the *Stonite* case. The question there—not legally distinguishable from the question here—was whether the venue statute applying specifically to patent infringement litigation (then § 48 of the Judicial Code, 28 U. S. C. (1940 ed.) § 109) was the sole provision governing venue in those cases, or whether that section was to be supplemented by what was then § 52 of the Judicial Code (28 U. S. C. (1940 ed.) § 113), which authorized—just as its recodified counterpart, 28 U. S. C. § 1392 (a), does now—an action, not of a local nature, against two or more defendants residing in different judicial districts within the same state, to be brought in either district. That supplementation, if permissible, would have fixed venue over Stonite Products Company (an inhabitant of the Eastern District of Pennsylvania) in the District Court for the Western District of Pennsylva-

---

[2] 352 U. S. 820.

[3] The Third Circuit, in *Ackerman* v. *Hook,* 183 F. 2d 11, the Seventh Circuit in *C-O-Two Fire Equipment Co.* v. *Barnes,* 194 F. 2d 410, and the Tenth Circuit, in *Ruth* v. *Eagle-Picher Company,* 225 F. 2d 572, as well as numerous District Courts, have held that 28 U. S. C. § 1400 (b) alone controls venue in patent infringement cases, while, on the other hand, the Fifth Circuit, in *Dalton* v. *Shakespeare Co.,* 196 F. 2d 469, and in *Guiberson Corp.* v. *Garrett Oil Tools, Inc.,* 205 F. 2d 660, and several District Courts, have held that the provisions of 28 U. S. C. § 1391 (c) are to be read into, and as supplementing, § 1400 (b), as the Second Circuit held in this case, and that, hence, a corporation may be sued for patent infringement in any district where it merely "is doing business."

nia, where the suit was brought, because its codefendant was an inhabitant of that district.

After reviewing the history of, and the reasons and purposes for, the adoption by Congress of the venue statute applying specifically to patent infringement suits—ground wholly unnecessary to replow here—this Court held "that § 48 is the exclusive provision controlling venue in patent infringement proceedings" and "that Congress did not intend the Act of 1897 [which had become § 48 of the Judicial Code, 28 U. S. C. (1940 ed.) § 109] to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings." [4]

The soundness of the *Stonite* case is not here assailed, and, unless there has been a substantive change in what was § 48 of the Judicial Code at the time the *Stonite* case was decided, on March 9, 1942, it is evident that that statute would still constitute "the exclusive provision controlling venue in patent infringement proceedings."

The question here, then, is simply whether there has been a substantive change in that statute since the *Stonite* case. If there has been such change, it occurred in the 1948 revision and recodification of the Judicial Code.[5] At the time of the *Stonite* case the venue provisions of that statute (§ 48 of the 1911 Judicial Code, 28 U. S. C. (1940 ed.) § 109) read:

> "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business."

[4] 315 U. S., at 563, 566.

[5] 62 Stat. 869.

The reports of the Committee on the Judiciary of the Senate,[6] and of the House,[7] respecting the 1948 revision and recodification of the Judicial Code, make plain that every change made in the text is explained in detail in the Revisers' Notes. As shown by their notes on § 1400 (b), the Revisers placed the venue provisions (quoted above) of old § 48 (28 U. S. C. (1940 ed.) § 109), with word changes and omissions later noted, in § 1400 (b), and placed the remainder, or process provisions, with certain word changes, in § 1694 of the 1948 Code. The Revisers' Notes on § 1400 (b) point out that "Subsection (b) is based on section 109 of title 28, U. S. C., 1940 ed., with the following changes:" (1) "Words 'civil action' were substituted for 'suit,' and words 'in law or in equity,' after 'shall have jurisdiction' were deleted, in view of Rule 2 of the Federal Rules of Civil Procedure"; (2) "Words in subsection (b) 'where the defendant resides' were substituted for 'of which the defendant is an inhabitant' " because the "Words 'inhabitant' and 'resident,' as respects venue, are synonymous" [we pause here to observe that this treatment, and the expressed reason for it, seems to negative any intention to make corporations suable, in patent infringement cases, where they are merely "doing business," because those synonymous words mean *domicile,* and, in respect of corporations, mean the state of incorporation only. See *Shaw* v. *Quincy Mining Co.,* 145 U. S. 444]; and (3) "Words 'whether a person, partnership, or corporation' before 'has committed' were omitted as surplusage."

---

[6] S. Rep. No. 1559, 80th Cong., 2d Sess., p. 2, which contains the statement "Appended to the report are the revisers' notes to each section, together with accompanying tables. These explain in great detail the source of the law and the changes made in the course of the codification and revision."

[7] H. R. Rep. No. 308, 80th Cong., 1st Sess., p. 7, which contains the statement "The reviser's notes are keyed to sections of the revision and explain in detail every change made in text."

Statements made by several of the persons having importantly to do with the 1948 revision are uniformly clear that no changes of law or policy are to be presumed from changes of language in the revision unless an intent to make such changes is clearly expressed.[8]

"The change of arrangement, which placed portions of what was originally a single section in two separated sections cannot be regarded as altering the scope and purpose of the enactment. For it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed. *United States* v. *Ryder,* 110 U. S. 729, 740; *United States* v. *LeBris,* 121 U. S. 278, 280; *Logan* v. *United States,* 144 U. S. 263, 302; *United States* v. *Mason,* 218 U. S. 517, 525." *Anderson* v. *Pacific Coast S. S. Co.,* 225 U. S. 187, 198–199.

In the light of the fact that the Revisers' Notes do not express any substantive change, and of the fact that several of those having importantly to do with the revision

---

[8] Mr. William W. Barron, the Chief Reviser of the Code, in his article on "The Judicial Code 1948 Revision," 8 F. R. D. 439, pointed out, pp. 445–446, that: ". . . no changes of law or policy will be presumed from changes of language in revision unless an intent to make such changes is clearly expressed. Mere changes of phraseology indicate no intent to work a change of meaning but merely an effort to state in clear and simpler terms the original meaning of the statute revised."

Professor James William Moore of Yale University, a special consultant on this revision, stated that: "Venue provisions have not been altered by the revision." Hearings before Subcommittee No. 1 of the House Judiciary Committee on H. R. 1600 and H. R. 2055, 80th Cong., 2d Sess., p. 1969.

Judge Albert B. Maris of the Third Circuit, a member of a committee of the Judicial Conference of the United States to collaborate with the congressional committees in carrying forward the work of this revision, stated that: "[C]are has been taken to make no changes in the existing laws which would not meet with substantially unanimous approval." *Id.,* p. 1959.

say no change is to be presumed unless clearly expressed, and no substantive change being otherwise apparent, we hold that 28 U. S. C. § 1400 (b) made no substantive change from 28 U. S. C. (1940 ed.) § 109 as it stood and was dealt with in the *Stonite* case.

The main thrust of respondents' argument is that § 1391 (c) is clear and unambiguous and that its terms include all actions—including patent infringement actions—against corporations, and, therefore, that the statute should be read with, and as supplementing, § 1400 (b) in patent infringement actions. That argument is not persuasive, as it merely points up the question and does nothing to answer it. For it will be seen that § 1400 (b) is equally clear and, also, that it deals specially and specifically with venue in patent infringement actions. Moreover, it will be remembered that old § 52 of the Judicial Code (28 U. S. C. (1940 ed.) § 113) was likewise clear and generally embracive, yet the *Stonite* case held that it did not supplement the specific patent infringement venue section (then § 48 of the Judicial Code, 28 U. S. C. (1940 ed.) § 109). The question is not whether § 1391 (c) is clear and general, but, rather, it is, pointedly, whether § 1391 (c) supplements § 1400 (b), or, in other words, whether the latter is complete, independent and alone controlling in its sphere as was held in *Stonite,* or is, in some measure, dependent for its force upon the former.

We think it is clear that § 1391 (c) is a general corporation venue statute, whereas § 1400 (b) is a special venue statute applicable, specifically, to *all* defendants in a particular type of actions, *i. e.,* patent infringement actions. In these circumstances the law is settled that "However inclusive may be the general language of a statute, it 'will not be held to apply to a matter specifically dealt with in another part of the same enactment. . . . Specific terms prevail over the general in the same or another stat-

ute which otherwise might be controlling.' *Ginsberg & Sons* v. *Popkin,* 285 U. S. 204, 208." *MacEvoy Co.* v. *United States,* 322 U. S. 102, 107.

We hold that 28 U. S. C. § 1400 (b) is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of 28 U. S. C. § 1391 (c). The judgment of the Court of Appeals must therefore be reversed and the cause remanded for that court to pass upon the District Court's ruling that there had been no showing of acts of infringement in the district of suit.

*Reversed and remanded.*

MR. JUSTICE HARLAN, believing that the Revisers' Notes have been given undue weight, *Ex parte Collett,* 337 U. S. 55, 61–71, and that they are in any event unclear, dissents for the reasons given by the Court of Appeals, 233 F. 2d 885. See also *Dalton* v. *Shakespeare Co.,* 196 F. 2d 469; Lindley, C. J., dissenting in *C-O-Two Fire Equipment Co.* v. *Barnes,* 194 F. 2d 410, 415; *Denis* v. *Perfect Parts, Inc.,* 142 F. Supp. 259; Moore, Commentary on the U. S. Judicial Code, 184–185, 193–194.