Archibald H. DAVIS, Plaintiff,

v.

OWENS–CORNING FIBERGLAS COR-
PORATION, Defendant.

Civ. A. No. 34229.

United States District Court
N. D. Ohio, E. D.

April 17, 1958.

Albert L. Ely, Jr., Cleveland, Ohio, for plaintiff.

Arnold F. Bunge, Toledo, Ohio, for defendant.

WEICK, District Judge.

This is an action for infringement of two United States Letters Patent issued to plaintiff on July 29, 1949 and December 25, 1956, numbered 2,424,743 and 2,-775,022, respectively.

Jurisdiction was based on Title 28 U.S.C. § 1338 and venue on Title 28 U.S. C. § 1400(b).

Plaintiff was a citizen and resident of the State of Ohio living in Akron within the District and Division of the Court.

Defendant was a Delaware corporation with its principal office and place of business in Toledo, Lucas County, Ohio within the District, but in the Western Division thereof.

The complaint alleged that the defendant had a place of business at 1024 Hanna Building, 1422 Euclid Avenue, Cleveland, Ohio where the defendant

committed the acts of infringement set forth therein.

The return on service of summons made by the United States Marshal shows that he served the defendant on February 6, 1958 "by handing to Rose Marie Castano, Cleveland Office Superintendent, a true and certified copy thereof with all endorsements thereon, together with a copy of the complaint."

The affidavit of the defendant's secretary admits that defendant rents office space in Cleveland where it maintains a force of six men and four girls. The Company has a listing in the 1958 Cleveland Telephone Directory.

The men were authorized to and did solicit orders for the sale of the Company's products and sent the orders to Toledo, or New York, or to one of its factories where the orders were accepted or rejected. The men also engaged in promotional activities supplying information concerning the Company's products to architects, engineers and others interested therein.

It is fairly inferable from the Marshal's return that Rose Marie Castano was in apparent charge of defendant's Cleveland Office when summons was served on her and that she must have told the Marshal that she was Office Superintendent in charge of the office.

The secretary's affidavit admits that Miss Castano checks and supervises the clerical work of the three other girls in the office. She was, therefore, more than a mere clerk.

The affidavit states that John W. Trimble who lives in Pittsburgh, Pennsylvania supervises the Cleveland Office and Herbert Elkins manages it.

The fact that others were higher in rank than Miss Castano does not militate against the fact that she was, at least, a supervisory employee over other employees and was, under the law, an agent of the Company upon whom process could be served.

Section 1400 of Title 28, U.S.C. authorizes the bringing of the action for patent infringement in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

The complaint alleged that acts of infringement have been committed by defendant in this judicial district and division. This was denied by the affidavit of defendant's secretary.

The denial raised an issue of fact which must be determined at the trial.

The principal office of the defendant is located in this District where admittedly it has a regular and established place of business.

This Court has jurisdiction of the action and of the defendant. Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 229, 77 S.Ct. 787, 1 L.Ed.2d 786.

In my judgment, defendant is doing sufficient business in Cleveland to justify the bringing of the action in this Division. It also has a regular and established place of business here.

The rule as to what constitutes doing business has been somewhat liberalized since the decision of International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95. See also: Lasky v. Norfolk & Western Ry. Co., 6 Cir., 157 F.2d 674; Cooke v. Kilgore Mfg. Co., D.C.N.D.Ohio 1952, 105 F.Supp. 733.

Since service of summons was had on a responsible person in charge of the office, it was sufficient. Noerr Motor Freight, Inc., v. Eastern R. R. President's Conference, D.C., 113 F.Supp. 737, 749; Shelton v. Schwartz, 7 Cir., 1942, 131 F.2d 805, 808.

The motion to dismiss or in lieu thereof to quash summons is, therefore, overruled.

The basis for the motion to transfer to the Western Division was that the docket there is less congested than here and it would be more convenient and less expensive to have the case tried in that division.

The plaintiff, who resides in the Eastern Division, disputes the latter con-

tention. He urges that it would be more convenient to try the case here and it would result in a hardship to him to have the case transferred to the Western Division.

While the docket is somewhat less congested in the Western Division than here, this alone is not sufficient to justify the transfer. Our colleague there has more litigation than one judge could reasonably be expected to handle and keep current in his work.

Balancing the equities, the distance between the divisions is not great and it does not appear that there will be any real hardship on defendant to require it to litigate the matters here. There is not a sufficient showing to justify the transfer.

The motion to transfer is, therefore, denied.