Russell H. BRANDON et al., as Trustees, Plaintiffs,

v.

Ella COLLINS, Defendant,

and

Helen Mae Blakeny, Defendant-Appellee,

and

Vivian A. Ryan, Individually and as Administratrix of Estate of Joseph Arthur Ryan, deceased, Defendant-Appellant.

No. 314, Docket 25473.

United States Court of Appeals Second Circuit.

Submitted May 15, 1959.

Decided June 8, 1959.

Irving A. Cook, Brooklyn, N. Y., for appellant.

Hanrahan & Costello, New York City, Joseph M. Costello, New York City, of counsel, for appellee.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

The trustees of Seafarers Welfare Plan brought an action of interpleader to have the court determine which of the three claimants named as defendants was entitled to the death benefit of $3,400 payable to the designated beneficiary of Joseph A. Ryan or, lacking a designated beneficiary, to his estate. The court awarded the fund to defendant Helen Mae Blakeny. Vivian A. Ryan, individually and as administratrix of the estate of Joseph A. Ryan, has appealed. The other defendant whose claim was rejected, Ella Collins, took no appeal. Payment of the fund has been stayed pending the appeal.

The appeal raises two questions, each of narrow scope and each revolving about Exhibit A, the designation of beneficiary card, produced from the files of the Trustees.[1] This exhibit was offered by the appellee and was admitted over appellant's objection. Finding 12 states that Joseph A. Ryan "duly executed" this designation of beneficiary card on or about August 30, 1951. The court also found that appellant was Ryan's only lawful wife and became his widow on his death, since their marriage had never been terminated by divorce. Appellant first contends that she is the beneficiary designated in the card because she is the only lawful "Mrs. Joseph A. Ryan * * * wife * * *

---

1.         "SEAFARERS WELFARE PLAN

    11 Broadway Suite 612               New York 4, New York
                                    Date August 30/1951

    I, Joseph Arthur Ryan, hereby designate Mrs. Joseph A. Ryan address 802 Augusta St. city: Mobile state: Ala. who is my wife, to receive the benefits under the Seafarers Welfare Plan upon my death.

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                                 Joseph A. Ryan
Social Security No.                           Signed

J. Carroll                                   Carlton Tanner
    Witnessed                                  Witnessed"

of the decedent." This claim cannot be supported. The court found that "The person intended and described in the designation of beneficiary \* \* \* is the defendant, Helen Mae Blakeny, also known as Helen Mae Ryan." She and Ryan went through a marriage ceremony in Mississippi in 1947. Although not his legal wife, she was known as Mrs. Ryan, she resided at the stated address in Mobile, and Ryan, since November 1948, had listed that address as his legal residence. Neither § 24–a, N.Y. Personal Property Law, McKinney's Consol. Laws, c. 41 nor the Seafarers Welfare Plan imposes any limitation upon the class of beneficiaries eligible for designation. Had Ryan referred to his designee as "my friend" rather than "my wife" no dispute as to whom he intended could have arisen.

Appellant next contends that Exhibit A was improperly admitted into evidence and, since there was no other proof of a designated beneficiary, she is entitled to the fund as administratrix of Ryan's estate. It is not entirely clear whether the court admitted the card as a business record pursuant to 28 U.S. C.A. § 1732 and 374–a, N.Y. Civil Practice Act, or because the judge himself determined that Ryan's signature on the card was genuine by comparing it with a concededly authentic signature on the separation agreement. During the course of the trial the court remarked: "The only question is whether Joseph A. Ryan executed this card." After comparing the signature on Exhibit A with the concededly authentic signature on the separation agreement, Judge Edelstein said: "To my mind, the signatures are so identical I may say it leaves no question at all in my mind." This statement supports the finding that Exhibit A was

duly executed by Ryan. 28 U.S.C.A. § 1731 provides:

"The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person." [2]

Very closely in point is Desimone v. United States, 9 Cir. 227 F.2d 864, 867.

Judgment affirmed.

---

**2.** The predecessor statute of § 1731 provided:

"In any proceeding before a court or judicial officer of the United State where the genuineness of the handwriting of any person may be involved, any admitted or proved handwriting of such person shall be competent evidence as a basis for comparison by witnesses, or by the jury,

court, or officer conducting such proceeding, to prove or disprove such genuineness." 37 Stat. 683.

The Reviser's Note to § 1731 reveals that there was no intent to change the prior law. See Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 227–228, 77 S.Ct. 787, 1 L.Ed.2d 786.