Herman C. BARNES, Plaintiff,

v.

E. J. PLATTE FISHERIES, a corporation, Defendant.

No. GC6347.

United States District Court
N. D. Mississippi,
Greenville Division.

Dec. 17, 1964.

Philip Mansour, Greenville, Miss., S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

W. C. Keady, Keady, Campbell & De-Long, Greenville, Miss., M. E. Ward, Dent, Ward, Martin & Terry, Vicksburg, Miss., for defendant.

CLAYTON, District Judge.

This civil action for personal injuries was brought by a seaman under the Jones Act, 46 U.S.C. § 688. Defendant, a Mississippi corporation, which owned and operated the vessel upon which the plaintiff served and was injured, has moved to dismiss for improper venue. While there is disagreement as to whether defendant was doing business within this district, determination of that issue is not material in the view that this court takes of the law, for it is not disputed that the defendant employer resides and has its principal office located in the Southern District of Mississippi.

The statute upon which plaintiff's claim for relief is based, 46 U.S.C. § 688, in relevant part reads:

"Jurisdiction in such actions shall be under the court of the district *in which the defendant employer resides or in which his principal office is located.*" (Emphasis added.)

Plaintiff contends that the general venue statute governing corporations, 28 U.S. C. § 1391(c), serves to define corporate residence for all purposes, that it includes districts in which corporations do business, and that the special venue statute for Jones Act cases must be read to permit actions in the district where the "defendant employer resides" *by doing business.*

A similar contention was made with regard to the effect of the general venue statute on the special venue statute for patent infringement actions, 28 U.S.C. § 1400(b). The Supreme Court rejected the argument and held that the special venue statute was the sole and exclusive provision controlling venue in such cases. Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). The Court of Appeals for the Third Circuit applied the Fourco rationale to the statute here in question

in a case very similar to the one now before the court, finding "no basis for a different ruling on essentially the same problem of statutory construction in a Jones Act case." Leith v. Oil Transport Co., 321 F.2d 591 (3rd Cir.1963).

Regarding these cases as having announced the correct rule, this court must find that defendant's residence outside this district and the location of its principal office outside this district make venue here improper. Defendant's motion to dismiss must be sustained and the action dismissed without prejudice.

Order will be entered in accordance with this opinion.