**SWIFT INDUSTRIES, INC., Petitioner,**

v.

**BOTANY INDUSTRIES, INC.,
Respondent.**

Civ. A. Nos. 69–226, 69–227.

United States District Court
W. D. Pennsylvania.

April 2, 1969.

Charles Denby, Ernest R. Dell, James McConomy, of Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for petitioner.

J. N. Poffinberger, Jr., M. C. McLean, of Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for respondent.

## OPINION

WEBER, District Judge.

The two pleadings filed in this action allege a single cause of action and request the same relief. Civil Action No. 69–226 is cast in the form of a petition to compel arbitration under the United States Arbitration Act, 9 U.S.C. § 1 et seq., the other pleading, Civil Action No. 69–227, is cast in the form of a civil complaint seeking injunctive enforcement of an agreement to arbitrate.

Both are brought in this court solely under diversity jurisdiction. The United States Arbitration Act supplies no separate jurisdictional basis. It provides that the party aggrieved " * * may petition any United States district

court which, save for such agreement, would have jurisdiction."

Plaintiff is a Pennsylvania corporation with its principal place of business in this District. Defendant is a Delaware corporation with its principal place of business in New York, N. Y. It is not registered as a foreign corporation in Pennsylvania. Plaintiff alleges that Defendant is doing business in Pennsylvania. Defendant has filed an affidavit that it is not doing business in the Western District of Pennsylvania. In any event service of process was made by a United States Marshal upon the Vice-President of Defendant corporation in Philadelphia, Pa., and also upon a Vice-President of an alleged subsidiary of defendant corporation at his place of business in Philadelphia, Pa.

In both cases Defendant has moved to dismiss for lack of venue or in the alternative to transfer the action to any district where it could have been brought under 28 U.S.C. § 1406(a).

We think that venue here is clearly controlled by 28 U.S.C. § 1391(a):

> "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all the plaintiffs or all defendants reside, or in which the claim arose."

There is no dispute as to the residence of Plaintiff. Plaintiff has also alleged that the cause of action arises out of a contract negotiated and entered into in Pittsburgh, Pennsylvania, and which expressly provides that it is made under the laws of the Commonwealth of Pennsylvania and is to be construed and enforced in accordance with the laws of said Commonwealth.

■ 28 U.S.C. § 1391 is a general venue statute. Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 [1957]. There is no special venue statute covering this type of action which takes precedence over it. Under the clear and unambiguous language of § 1391(a) the plaintiff, in an action based solely on diversity, may choose to bring his action either in the district where plaintiff resides or where defendant resides or in which the claim arose.

■ Defendant raises § 1391(c) as an objection to venue in this District. § 1391(c) is also a general venue statute applicable to actions against corporations. It does not prevail over the specific provisions of § 1391(a) of the same statute. Fourco Glass Co., supra. We need not be concerned whether defendant is doing business in this state or in this District because personal service has been obtained upon a corporate officer in this state.

We cannot agree that § 1391(c) is an independent venue provision for corporate defendants, as argued by Defendant here. It is another section of the same general venue statute, not a special venue provision as is provided by many particular enactments covering suits under particular statutes. See 1 Moore's Federal Practice ¶ 0.142 [4], p. 1480, and ¶ 0.144. We believe that § 1391(c) is applicable to give a corporate defendant a measure of protection where the plaintiff has not elected to bring a diversity action in the district of its residence. Olberding v. Illinois Central R. Co., 346 U.S. 338, 340, 74 S.Ct. 83, 98 L.Ed. 39 [1953].

■ We conclude that venue is proper in this District.

Defendant also asks that these current actions be stayed pending the outcome of proceedings between the same parties in the Southern District of New York, a removed action from the State Court in New York, wherein the present defendant as plaintiff sought to enjoin the arbitration which had been demanded by the present plaintiff. Obviously the relief there sought was relief under state law. The action was removed on diversity grounds. (The United States Arbitration Act gives no independent grounds of jurisdiction.) The state court had issued a rule to show cause and stay-

ed the arbitration until hearing. The action was removed and a motion to dismiss is now pending.

■ We cannot see that litigation on the same cause of action is now pending in another United States District Court. The action now pending in the Southern District of New York is a removed State Court action. We are faced at this instant with a petition (Civil Action No. 69–226) under the United States Arbitration Act. It seems to us that our discretion is extremely limited. The statute says:

> 9 U.S.C. § 4. "* * * The Court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the Court *shall* make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement * * *" (emphasis supplied).

We have held such a hearing. There is no dispute between the parties as to the making of the agreement or the failure to comply therewith. In such case the statute is clear and mandatory:

> "Section 4 provides a federal remedy for a party 'aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration,' and directs the federal court to order arbitration once it is satisfied that an agreement for arbitration has been made and has not been honored." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 400, 87 S.Ct. 1801, 1804, 18 L.Ed.2d 1270 [1967].

> It has been likewise held:

> "* * * and with the provisions of that Act—9 U.S.C. § 4—which make it clear that a federal court, in a suit asking it to compel arbitration, should (except as noted below in discussing laches) deal with no issues except (1) the making of an agreement to arbitrate, and (2) the failure, neglect or refusal of the other party to per-

form that agreement." Reconstruction Finance Corp. v. Harrisons & Crosfield, 204 F.2d 366, 368 [2d Cir., 1953].

We find the contract in question evidences a transaction involving interstate commerce under the provisions of 9 U.S.C.A. § 2.

■ Finding no contest as to the only issues with which this court can concern itself, and in accordance with the congressional policy and statutory mandate that an agreement to arbitrate be carried out with expedition and a minimum of judicial interference [9 U.S.C.A. § 6] this court has no alternative but to issue the "order directing that arbitration proceed in the manner provided in such agreement". Such order will be issued in Civil Action No. 69–226, on the pleading entitled "Petition to Compel Arbitration." For both actions, Civil Action No. 69–226 and Civil Action No. 69–227 it is sufficient that all motions of defendant for dismissal, transfer or stay are denied.

## ORDER

And now this 2nd day of April, 1969, it is ordered that:

In Civil Action No. 69–226, upon petition of Swift Industries, Inc., and after hearing and consideration of Motion of Respondent, Botany Industries, Inc. it is ordered that the arbitration agreed upon between the parties in Sec. 14.08 of the Agreement of August 10, 1961 proceed; that Botany Industries, Inc., file its Answer to the Demand for Arbitration and that Swift Industries, Inc. and Botany Industries, Inc. proceed to the appointment of an arbitrator, all in accordance with the rules of the American Arbitration Association

## AND

In Civil Action No. 69–226 and Civil Action No. 69–227 the motions of Respondent and Defendant Botany Industries, Inc. to Dismiss and to Stay the Action are denied.