**Arthur D. BOTVIN, Plaintiff,**

v.

**OKIEBUG DISTRIBUTING COMPANY, INC., et al., Defendants.**

**No. 73–C–391.**

United States District Court,
N. D. Oklahoma,
Civil Division.

April 16, 1974.

Reagan M. Martin, Dallas, Tex., Donald L. O'Bryan, Oklahoma City, Okl., for plaintiff.

Roger C. Clapp, Dallas, Tex., Fred S. Nelson, Tulsa, Okl. (Okiebug & Butler), for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff initiated this patent infringement action in the United States District Court for the Northern District of Texas. He alleges that he is the owner of a patent for a specialized boat anchor. Plaintiff alleges that two Defendants, Okiebug Distributing Co., Inc. and Don T. Butler were manufacturing, using, and selling a boat anchor in Tulsa, Oklahoma, which infringed upon his patent. He also alleged that Defendant Ray Scott, individually d/b/a Bass Anglers Sportsman Society has sold and used a boat anchor in Montgomery, Alabama which infringed upon his patent.

Motions to Dismiss for improper venue were filed by the Oklahoma Defendants and Plaintiff filed a Motion to Transfer to Cure Defect in Venue. On December 4, 1973, the action was transferred to this Court from the Northern District of Texas pursuant to 28 U.S.C. § 1406(a).

Pending in the case when transferred to this Court was a Motion to Dismiss by Ray Scott, individually d/b/a Bass Anglers Sportsman Society. This Motion was supported by a brief and upon request of this Court, a further brief in support of this Motion has been filed and said Motion renewed as to this District. Defendant Scott contends that venue and jurisdiction are improper for several reasons. He contends that in this patent infringement action the venue provisions of 28 U.S.C. § 1400(b) are not met as to Defendant Scott in either Texas or Oklahoma. Further, Defendant Scott complains that he was improperly served with summons and that he is not subject to "long arm" jurisdiction from either Oklahoma or Texas. Finally he complains that a defect in parties exists because he serves as president of a corporation and does not operate as a proprietor as urged in the Complaint. In support of said Motion, Defendant Scott filed an affidavit that he does not reside in Texas and further that he does not do business in Texas. He has filed a similar affidavit as to Oklahoma adding a statement that he does not maintain an office in Oklahoma.

Plaintiff has responded to the Motion urging that venue is proper in the Northern District of Oklahoma as to the Defendants Butler and Okiebug and thus it is proper as to Defendant Scott. Plaintiff further contends that patent cases should not be separated when the basic issues are the same. Plaintiff urges that the business status of the Defendant Scott is a matter of proof. Plaintiff has not responded to the "long arm" jurisdiction issue nor the defective service issue. However, this latter issue was not raised until the further brief was filed by Defendant Scott and Plaintiff has not been requested to respond thereto. In the present posture of the case, further response from Plaintiff is not necessary.

The venue provisions applicable to patent infringement cases are set out in 28 U.S.C. § 1400(b) which provides:

"Any civil action for patent infringement may be brought in the ju-

dicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

This Court considered the provisions of this statute in Gould v. Cornelius Company, 258 F.Supp. 701 (N.D.Okl. 1966) wherein it is stated:

"The venue statute, 28 U.S.C. § 1400(b) is exclusive. Fourco Glass Company v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). The burden of proof is upon the plaintiff to show the proper venue. Fourco Glass Company v. Transmirra Products Corp., supra; Watsco, Inc. v. Henry Valve Co., 232 F.Supp. 38 (S.D. N.Y.1964); McGah v. V–M Corporation, 166 F.Supp. 662 (N.D.Ill.1958). Under such statute, venue is proper in a judicial district under either of two conditions, namely, (1) where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. The latter condition is in the conjunctive and both must be present."

■ As to Defendant Scott, Plaintiff has failed to allege any act of infringement by him which occurred in Oklahoma and has failed to allege that Defendant Scott resides in Oklahoma or that he maintains a place of business in Oklahoma. Defendant Scott's verified denials of these facts are uncontroverted. Thus, Plaintiff has wholly failed to establish that venue is proper as to Defendant Scott in this District.

■ The Court now must consider Plaintiff's contention that venue is proper here as to Defendant Scott because venue is proper here as to the other Defendants in the action. An examination of the Complaint does not reveal an allegation that the alleged infringement by Defendant Scott is related to the alleged infringement by the Oklahoma Defendants. Even giving the Plaintiff the benefit of any doubt that the alleged infringement activities of all Defendants are related, the Complaint clearly alleges patent infringement by Defendant Scott occurring in Alabama and that the other Defendants allegedly committed patent infringement in Oklahoma. Thus, no joint patent infringement by the two Defendants is alleged to have occurred in this District.

In Gould v. Cornelius Company, *supra,* this Court held the joinder of a defendant not subject to the venue of this Court with a local defendant would not allow the Court to assume venue where it did not lay. This Court stated:

"The desired joinder of Pepsi-Cola, a local defendant, would not prevent the transfer of the cause against the original defendant as required by the special venue statute and 28 U.S.C. § 1406(a). Otherwise, this joinder, if permitted, would amount to a thwarting of congressional intent and an unauthorized means of circumventing the special venue in patent cases. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957)."

In Bradford Novelty Co. v. Manheim, 156 F.Supp. 489 (S.D.N.Y.1957) the same conclusion was reached when the Court stated:

"The Supreme Court has in fact held that venue in infringement actions is to be exclusively determined by § 1400 and that joint defendants residing in different judicial districts cannot be properly joined in one action. Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; Stonite Products Co. v. Melvin Lloyd Co., 1944, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026."

In the instant case, venue is improper in this judicial district as to the Defendant Scott. 28 U.S.C. § 1406(a) provides:

"The district court of a district in which is filed a case laying venue

in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Transfer of this case to the Middle District of Alabama is not in order because venue in that district would not be proper as to the Oklahoma Defendants. The Motion to Dismiss of Defendant Ray Scott, individually d/b/a Bass Anglers Sportsman Society is sustained and said Defendant is dismissed from this action.