**Ronald SCHIPPERS**

v.

**MIDAS INTERNATIONAL CORPORATION.**

**Civ. No. 3–77–379.**

United States District Court, E. D. Tennessee, N. D.

Jan. 24, 1978.

---

5. H.Rep.No.93–1508, 93d Cong., 2d Sess. (1974) *reprinted in* U.S.Code Cong. & Admin.News pp. 7401, 7439–7441.

Norman L. Griffin, Knoxville, Tenn., for plaintiff.

Edwin M. Luedeka, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action under 35 U.S.C. § 102 and 28 U.S.C. § 1338(a) for alleged patent infringement. The defendant has moved to dismiss, or in the alternative to transfer, on the ground that venue does not properly lie in this Court. Briefs have been submitted on this issue and an oral argument has been heard.

The parties have generally stipulated as to the relevant facts. It is the position of the defendant that venue in this action properly lies in the Northern District of Illinois, Eastern Division. The defendant has represented to the Court that if the action is transferred to that jurisdiction, no further defenses concerning venue will be raised. The Court construes this representation to mean that defendant agrees not to raise technical defenses should this case be transferred, but is prepared to try the merits of the suit.

The parties agree that under the circumstances of this case, venue is controlled by 28 U.S.C. § 1400(b). *See Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). Section 1400(b) provides in pertinent part that:

"Any civil action for patent infringement may be brought . . . where the defendant has committed acts of infringement and has a regular and established place of business."

Thus, before venue is proper in this Court, plaintiff must establish that the defendant "has a regular and established place of business" in this district.

It is not seriously contended by the plaintiff that the defendant maintains, directly, and in its own name, any place of business in this district. Rather, plaintiff looks to the regular and established place of business of defendant's wholly owned subsidiary, Norris Homes, Inc., and seeks to attribute this place of business to the defendant for purposes of Section 1400(b).

In order to satisfy venue requirements in this case by reference to a subsidiary entity, the plaintiff has the burden of showing that the subsidiary, Norris Homes, is a "mere shadow with no substance" other than that of the parent, the defendant. *Technograph Printed Circuits, Ltd. v. Epsco, Inc.*, 224 F.Supp. 260, 264 (E.D.Pa.1963). For reasons which appear more fully below, the Court is of the opinion that the plaintiff has failed to carry this burden.

It is not disputed that Norris Homes, though a wholly owned subsidiary of the defendant, is itself a Tennessee corporation. Norris owns the real estate upon which its plant is located, pays Tennessee income and other taxes, and contributes to unemployment compensation in Tennessee. None of the employees at the Norris plant are on the payroll of the defendant.

The plaintiff points to several factors in support of his argument that Norris is a mere "alter ego" of the defendant. Norris' phone number is also listed as the defendant's phone number. A sign at the Norris plant states, incorrectly, that Norris is a division of the defendant. The defendant and Norris file joint federal income tax returns. The recreational vehicles produced by Norris are identified as products of the defendant both by the "logo" on the products and through joint advertising campaigns. Finally, there is great overlap among the officers and directors of the defendant and Norris.

While these factors indicate that the defendant exercises a substantial amount of control over Norris, they do not show that the separate corporate character of Norris is disregarded in dealings between Norris and the defendant. *See Shapiro v. Ford Motor Co.*, 359 F.Supp. 350 (D.Md.1973). Norris maintains separate sales engineering and credit departments and purchases its own materials. Payment for Norris' products is sent directly to Norris and not to the defendant. Norris maintains its own bank accounts out of which it pays its employees. Norris is billed whenever one of its products is serviced by another subsidiary of the defendant. Similarly, Norris is reimbursed for servicing products of other subsidiaries of the defendant. Perhaps most significant, the defendant does not appear to be responsible for any of Norris' legal obligations. *Cf. Hall Laboratories, Inc. v. Millar Bros. and Co.*, 152 F.Supp. 797, 801 (E.D.Pa. 1957).

For the foregoing reasons, and based upon the representations of counsel, it is ORDERED that defendant's motion be, and the same hereby is, granted, and that this action be transferred to the Northern District of Illinois, Eastern Division.

Order Accordingly.