**SILICON TECHNOLOGY, INC., Plaintiff,**

v.

**UNITED REFRACTORIES, INC., Defendant.**

Civ. A. No. 84–2409.

United States District Court, W.D. Pennsylvania.

Aug. 30, 1985.

John M. O'Connell, Jr., Greensburg, Pa., for plaintiff.

Frank J. Kernan, Pittsburgh, Pa., Douglas W. Wyatt, New York City, for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

(1) Defendant, United Refractories, Inc., filed a motion to dismiss this patent infringement action for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). Defendant asserts that it is not a resident of the Western District of Pennsylvania and does not have a regular and established place of business in the district. Defendant also contends that it has not committed any acts of alleged infringement in this jurisdiction.

(2) Plaintiff, Silicon Technology, Inc., instituted this civil action alleging that United Refractories has used plaintiff's patented method for sealing coke oven doors and other heated chambers without permission. Plaintiff also alleges that defendant has encouraged others to use the patented method and has conspired to use the same method without the consent or permission of plaintiff.

(3) There is no dispute that 28 U.S.C. § 1400(b) provides the exclusive test for venue in a patent infringement action. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229, 77 S.Ct. 787, 792, 1 L.Ed.2d 786 (1957); *Ackerman v. Hook*, 183 F.2d 11, 14 (3d Cir.1950). Congress has provided that:

> Any civil action for patent infringment may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement *and* has a regular and established place of business.

(4) Silicon Technology bears the burden of establishing venue. If residence cannot be shown, plaintiff must prove that defendant "has committed acts of infringement and has a regular and established place of business" within the Western District of Pennsylvania. We need not address the question where defendant committed the alleged acts of infringement be-

cause both components of the second prong of 28 U.S.C. § 1400(b) must be established for venue to exist.

(5) Defendant admits that it employs two salesmen within this district. Defendant asserts, and plaintiff does not dispute, that the salesmen have no office within the district; receive no mail directed to United Refractories; and that no sales are consummated in this jurisdiction. The sales agents are authorized only to solicit orders while the act of acceptance occurs at defendant's office in Warren, Ohio. Defendant has made three allegedly infringing sales within this district and in each instance the act of acceptance occurred in Warren, and the order was shipped F.O.B. Warren, Ohio

(6) Where a corporation employs sales representatives within a district without owning, leasing, or controlling any real property within the district, as here, courts have been reluctant to find a regular and established place of business. In *Mida Manufacturing Co. v. Femic, Inc.*, 539 F.Supp. 159, 161 (E.D.Pa.1982), the district court held that the presence of the defendant's independent sales representatives and the solicitation of business within the district did not give rise to venue under Section 1400(b), where the defendant did not own or rent property within the jurisdiction. Similarly, in *IPCO Hospital Supply v. Les Fils D'Auguste*, 446 F.Supp. 206, 208 (S.D.N.Y.1978) the court held that the defendant did not own or control any physical property within the district and thus venue was improper. Thus, the presence of two sales representatives within this district in this case, in and of itself, does not create venue since defendant does not own, lease or control real property within the Western District.

(7) In *L.D. Schreiber Cheese Co. v. Clearfield Cheese Co.*, 495 F.Supp. 313, 317 (W.D.Pa.1980), Judge Weber explained the meaning of a regular and established place of business for purposes of venue, as follows:

A regular and established place of business under 28 U.S.C. b 1400(b) has been described as a place where a party is engaged in carrying on in a continuous manner a substantial part of its ordinary business ... In other words 28 U.S.C. 1400b requires a significant ongoing corporate presence by a defendant in the district where venue is alleged.

 (8) We hold that the mere presence of defendant's salesmen within this district does not constitute a regular and established place of business because they do not represent a significant ongoing corporate presence. Defendant's motion must be granted. As rehearsed, we need not address the issue whether United Refractories committed acts of infringement within this district.

A written order will follow dismissing the complaint of plaintiff without prejudice.