UNITED TECHNOLOGIES CORPORATION, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Defendant.

No. 85 Civ. 2181 (RLC).

United States District Court, S.D. New York.

Sept. 4, 1985.

Robert Neuner, Arthur S. Tenser, Robert B. Smith, John D. Murnane, Brumbaugh, Graves, Donohue & Raymond, New York City, for plaintiff; Melvin P. Williams, Robert C. Walker, United Technologies Corp., Hartford, Conn., of counsel.

Stanley L. Amberg, Davis Hoxie Faithfull & Hapgood, New York City, for defendant; Charles W. Bradley, Peter Bucci, Davis Hoxie Faithfull & Hapgood, New York City, Derek P. Lawrence, Douglas S. Foote, General Elec. Co., of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

This is a civil action for patent infringement. Defendant moves pursuant to Rule 12(b)(3) to dismiss the complaint for improper venue. In the alternative defendant moves pursuant to 28 U.S.C. § 1404(a) or § 1406(a) to transfer the case to the Southern District of Ohio. Plaintiff opposes the motion to dismiss and, alternatively, seeks transfer to the Northern District of New York.

■ 28 U.S.C. § 1400(b), on the basis of which this action was instituted, provides that a civil action for patent infringement may be brought in the judicial district in which the defendant resides or has committed acts of infringement and has a regular place of business. The residence of a corporation is its place of incorporation. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226, 77 S.Ct. 787, 790, 1 L.Ed.2d 786 (1957).

Defendant is a New York corporation, incorporated in the Northern District of New York where it maintains its principal place of business. The jet engines which are the basis for the litigation were designed by GE's Aircraft Engine Business Group which maintains its principal place of business in Evendale, Ohio.

Defendant does business in this district. Plaintiff argues that venue is proper here because by the 1948 recodification Congress intended to render a corporation amenable to suit in every district in the state of its incorporation, citing *Davis v. Hill Engineering, Inc.*, 549 F.2d 314 (5th Cir.), *reh. denied*, 554 F.2d 1065 (5th Cir.1977). While it is true that the *Davis* case held such to be the effect of the 1948 recodification, it was construing § 1391, the general venue statute and the Jones Act. *See also Forbo-Giubiasco, S.A. v. Congoleum Corporation*, 463 F.Supp. 1243, 1245 (S.D.N.Y. 1979) (Lasker, J.). The Davis analysis, however, has no impact on § 1400(b).

*Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566, 62 S.Ct. 780, 782, 86 L.Ed. 1026 (1948) held that § 1400(b) limited venue to the judicial district of defendant's residence or place of business and place where the infringement occurred. *Fourco Glass Co. v. Transmirra Products, Corp.*, supra 353 U.S. at 228, 77 S.Ct. at 791, distinguished § 1391 from § 1400(b) and held the latter to be "the sole and exclusive provision controlling venue in patent infringement actions ..." *Id.* at 229, 77 S.Ct. at 792.

■ It seems clear, therefore, that venue is not appropriate here. It would, however, seem inappropriate to dismiss the action. The court may transfer the action to another district where it might have been brought. The court may do this in the interest of justice even in those cases where personal jurisdiction is lacking. *See e.g. Corke v. Sameiet, M.S. Song of Norway*, 572 F.2d 77 (2d Cir.1978); *ICC Handels, A.G. v. S.S. Seabird*, 544 F.Supp. 58 (S.D.N.Y.1982) (Duffy, J.); *Metropa Co., Ltd. v. Choi*, 458 F.Supp. 1052 (S.D.N.Y. 1978) (Weinfeld, J.).

The case may properly be transferred either to the Southern District of Ohio where defendant allegedly committed the infringing act and has a place of business or to the Northern District of New York where defendant resides and maintains its principal place of business. Defendant cannot claim greater inconvenience in being required to defend against litigation brought in the Northern District of New York over being sued in the Southern District of Ohio. Plaintiff prefers the Northern District of New York. Under the circumstances, its preferences should be given weight.

Accordingly, the suit is transferred to the Northern District of New York. The motion to stay all proceedings in this court pending determination of the motions to dismiss or to transfer is granted.

IT IS SO ORDERED.