923 F.2d 869
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leonard W. ROSS, Jr., Plaintiff-Appellant,
v.
James Robert TUERK and Aero Industries, Inc., Defendants-Appellees.
 No. 90-1075.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1990.
 
 Before PAULINE NEWMAN and PLAGER, Circuit Judges, and SHARP*, District Judge.
 PLAGER, Circuit Judge.
 
 DECISION
 
 1
 Ross appeals from a decision of the United States District Court for the District of Maryland, Civil No. JH-89-2487 (Oct. 19, 1989), dismissing his action for improper venue. On the basis of our holding in VE Holding Corp. v. Johnson Gas Appliance Co., Nos. 90-1270, -1274 (Fed.Cir. Oct. 24, 1990), we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.
 
 OPINION
 
 2
 Ross filed an action in the District Court for the District of Maryland for patent infringement against the defendants, Aero Industries, Inc. ("Aero") and James Robert Tuerk ("Tuerk"), President of Aero. The district court granted defendants' motion to dismiss the action for lack of venue over either defendant, under 28 U.S.C. Sec. 1400(b) (1988). Ross appealed to this court.
 
 
 3
 Section 1400(b) dictates that venue is proper when either of two tests are satisfied: (1) where the defendant resides, or (2) where the defendant has committed acts of infringement and has a regular and established place of business. We will first consider the second test.
 
 
 4
 On the record before us, we concur with the district court that under the second test, venue is improper in the District of Maryland as to both defendants. Neither of the defendants has a regular and established place of business in Maryland.
 
 
 5
 The first test for venue, i.e., "where the defendant resides," with respect to individuals means "domicile." Fourco Glass Co. v. Transmirra Prods. Corp., 353 U.S. 222, 226 (1957). Because Tuerk is not domiciled in Maryland, the district court properly held that venue was improper with respect to Tuerk under the first test.
 
 
 6
 As we held in VE Holding, with respect to a defendant that is a corporation, the first test for venue under Sec. 1400(b), in light of the 1988 amendment to Sec. 1391(c), is not limited to the state of incorporation, but extends to whether the defendant was "subject to personal jurisdiction" in the district of suit at the time the action was commenced. 28 U.S.C. Secs. 1391(c) & 1400(b) (1988). Aero is incorporated in Indiana and has its principal place of business in Indianapolis, Indiana. Aero further has manufacturing or sales facilities, or both, in Nebraska, Pennsylvania and Indiana. On the record before us, we are unable to determine whether Aero was subject to personal jurisdiction in the District of Maryland at the time the action was commenced. We must, therefore, with respect to Aero, vacate the district court's holding of improper venue under the first test of 1400(b), and remand this case to the district court for further proceedings consistent with this opinion.
 
 
 7
 Aero contends that Ross's pro se appeal to this court is frivolous and therefore requests damages and double costs, citing Rule 11 of the Federal Rules of Civil Procedure. Rule 11 sanctions, however, are not available on appeal. Hays v. Sony Corp. of America, 847 F.2d 412, 419-20, 7 USPQ2d 1043, 1050 (7th Cir.1988). The appropriate basis for sanctions on appeal is Rule 38 of the Rules of Appellate Procedure. For obvious reasons, no sanctions are warranted in this case.
 
 
 
 *
 The Honorable Allen Sharp, Chief Judge, United States District Court for the Northern District of Indiana, sitting by designation