**PLASTIC FILMS, INC., Plaintiff,**

v.

**POLY PAK AMERICA, INC., Defendant.**

**No. 4:90–CV–22.**

United States District Court, W.D. Michigan, S.D.

April 15, 1991.

Robert E. Graziani, Robert D. Watkins, Marco, Timmis & Inman, Grosse Pointe Woods, Mich., John P. Murtaugh, Pearne, Gordon, McCoy & Granger, Cleveland, Ohio, for plaintiff.

Daniel Van Dyke, Price, Heneveld, Cooper, Dewitt & Litton, Grand Rapids, Mich., for defendant.

OPINION

BENJAMIN F. GIBSON, Chief Judge.

I.

Plaintiff Plastic Films, Inc. ("Plastic") is the holder of U.S. Patent No. 3,791,573. It alleges defendant Poly Pak America, Inc. ("Poly Pak") is infringing this patent by producing and selling chains of plastic bags incorporating the patented invention. Plastic also alleges that these bags have been sold to the Millburn Peat Company, Inc. ("Millburn") in Three Rivers, Michigan.[1] Pending before the Court is the defendant's motion to dismiss this action for improper venue. Fed.R.Civ.P. 12(b)(3).

II.

Title 28 United States Code Section 1400(b), not the general venue statute, Title 28 United States Code Section 1391(c), determines the appropriate venue for patent infringement suits. *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 228–29, 77 S.Ct. 787, 791–92, 1 L.Ed.2d 786 (1957). Venue is proper under Section 1400(b) if: (1) the defendant resides in the judicial district, or (2) the defendant has committed acts of infringement and has a regular place of business in the judicial district. *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1577–78 (Fed.Cir.1990); 28 U.S.C. § 1400(b).

A corporate defendant accused of patent infringement was traditionally considered to reside, for purposes of venue, only in its state of incorporation. *Fourco,* 353 U.S. at 229, 77 S.Ct. at 792. In 1988, Congress adopted a new definition of "reside" as it applies to venue for corporate defendants. *See* 28 U.S.C. § 1391(c). This definition is applicable to actions governed by the general venue statute and to actions, like patent infringement suits, governed by specific venue statutes. *VE Holding,* 917 F.2d at 1584. A corporate defendant is deemed to reside in any judicial district where it is subject to personal

---

**1.** Three Rivers, Michigan, is located in the Western District of Michigan.

jurisdiction. 28 U.S.C. § 1391(c). If a state has more than one judicial district, a corporate defendant is deemed to reside in only those districts where its contacts would be sufficient to subject it to personal jurisdiction if those districts were separate states.[2] *Id.;* H.R.Rep. 889, 100th Cong., 2d Sess. 70, *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6031.

### III.

■ The constitutional test for personal jurisdiction remains whether the defendant has established "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Minimum contacts exist if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985); *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Attenuated contacts with the forum state or the unilateral activity of a third person will not support the exercise of jurisdiction since it cannot be said that the defendant purposely directed his activities at the forum state. *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 104 S.Ct. 1473, 1478–79, 79 L.Ed.2d 790 (1984); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

■ The mere placement of a product into the stream of commerce is not an act purposely directed towards the forum state. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297–98, 100 S.Ct. 559, 567–68, 62 L.Ed.2d 490 (1980). Designing a product for the market in the forum state, advertising in the forum state, or establishing marketing channels for the product in the forum state may indicate an intent on the part of the defendant to serve that forum. *Asahi Metals Indus. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987). Such conduct may be sufficient to support a finding that the defendant has established minimum contacts with the forum state.

■ Both parties have submitted supporting materials to the Court for its consideration. The plaintiff has submitted the defendant's answers to interrogatories addressing the extent of the defendant's contacts with Michigan. Poly Pak admits in its answers that it has solicited packaging wholesalers in Michigan and that it has sold some of its products as a result of these solicitations. Interrogatory Nos. 19 & 28. The defendant has also advertised its "Rigur" envelopes in several national trade journals and has sent a brochure on this product to Michigan wholesalers. Interrogatory Nos. 35 & 56. However, Poly Pak maintains throughout its answers to Plastic's interrogatories that it has never solicited in Michigan for sales of the allegedly infringing bags and that no wholesalers in this state have purchased them. Copies of invoices regarding sales made by it to Millburn and a supporting affidavit have been submitted by Poly Pak. These invoices indicate that Millburn ordered the allegedly infringing bags directly from the defendant and that they were shipped to La Porte, Indiana. Moreover, the affiant, Poly Pak's president, states that the defendant has no offices, agents, or facilities in Michigan. These materials do not conflict with the answers given by Poly Pak to the interrogatories and in many ways are consistent with them.

From its review of the parties' supporting materials, the Court reaches the following conclusions. The defendant has sought to make wholesalers of packaging in this state aware of a limited portion of its prod-

---

**2.** In its brief and supporting documentation, the plaintiff has based its personal jurisdiction arguments on the premise that all of the defendant's contacts with Michigan, not just those within the area comprising the Western District of Michigan, are to be considered. Nevertheless, since the defendant's contacts with Michigan are insufficient to support the exercise of personal jurisdiction and it necessarily follows from that conclusion that there are insufficient contacts with the territory comprising this district, the Court will consider all of the defendant's contacts with Michigan in order to expedite the resolution of this matter.

ucts and has received some business as a result of this effort. However, Poly Pak has not attempted to sell its allegedly infringing bags in Michigan and the presence of these bags in the jurisdiction are the result of actions undertaken by a third party. These findings lead the Court to conclude that there is no nexus between the plaintiff's alleged injury and the defendant's contacts with Michigan.

When a controversy arises out of or is related to a defendant's contacts with the forum, the necessary nexus for the exercise of personal jurisdiction is present. *Shafer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579–80, 53 L.Ed.2d 683 (1977). No nexus between the plaintiff's alleged injury, the production, selling, or use of an article infringing its patent, *see* 35 U.S.C. § 271, and the defendant's conduct, soliciting sales of other non-infringing products from packaging wholesalers in Michigan, is present in this case. To hold that such a nexus existed would permit the exercise of personal jurisdiction over a defendant simply because it has solicited business from the forum. No connection between the defendant's activities within the forum and the plaintiff's injury would be required. *Ratliff v. Cooper Laboratories, Inc.*, 444 F.2d 745, 746, 748–49 (4th Cir.), *cert. denied*, 404 U.S. 948, 92 S.Ct. 271, 30 L.Ed.2d 265 (1971) (soliciting orders from wholesalers and doctors within South Carolina insufficient basis when claim did not result from those activities); *Fisher Governor Co. v. Superior Court*, 53 Cal.2d 222, 225–26, 347 P.2d 1, 3–4, 1 Cal.Rptr. 1, 3–4 (1959) (presence of non-exclusive sales representatives insufficient basis when plaintiff's claim accrued outside of California). Unless such a nexus exists, the exercise of personal jurisdiction does not comport with the limitations placed on it by the due process clause.[3] *Helicopteros*, 466 U.S. at 413–14, 104 S.Ct. at 1872.

### IV.

Due to the lack of a nexus between the defendant's activities within this forum and the plaintiff's injury, the Court holds that the exercise of personal jurisdiction over Poly Pak would be constitutionally impermissible. Therefore, the motion to dismiss the complaint for improper venue is granted.

---

**3.** If a defendant's contacts with a forum state can be characterized as continuous and systematic general business contacts, then a nexus is not required for the exercise of personal jurisdiction. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). The defendant's contacts with Michigan in the present case cannot be so characterized.