Kashiwa, Judge,
delivered the opinion of the court: This military pay case is before the court on cross motions for summary judgment. There are no material facts in dispute. After careful consideration of the briefs and oral arguments presented, we grant defendant’s motion for summary judgment.
Plaintiff is the widow of Lusullus Culbertson MacConnell (hereinafter referred to as SFC MacConnell). SFC MacCon-nell retired from the Army on August 11, 1964, on permanent disability with over 20 years of service. He died on November 25, 1974, of lung carcinoma.
SFC MacConnell and plaintiff were married for the first time on November 3, 1949; two children, now adults, were born of that marriage. The MacConnells were divorced in 1968 and later remarried September 26, 1974 (just two months prior to SFC MacConnell’s demise). No children were born of the second marriage.
At the time of SFC MacConnell’s retirement in 1964, he was married to the plaintiff. At that time he was also participating in the Retired Servicemen’s Family Protection Plan, 10 U.S.C. §§1431-46 (1970) (hereinafter referred to as RSFPP). Under this plan SFC MacConnell had selected retirement benefits under options 3 and 4, thus providing survivor annuity benefits upon his death payable to either his widow (plaintiff) or his surviving dependent children. Plaintiffs eligibility to receive an annuity under the RSFPP ended with the MacConnells’ divorce in 1968.[1]
*36 On September 21, 1972, after reviewing the retirement benefits provided a deceased serviceman’s family under RSFPP, Congress enacted Pub. L. 92-425, 86 Stat. 706 (1972), establishing a Survivor Benefit Plan (hereinafter referred to as SBP), as Subchapter II of Chapter 73, Title 10 of the United States Code. The SBP, 10 U.S.C. §1447-55 (Supp. V 1975), was designed to provide more comprehensive survivor benefits to survivors of retired service personnel. S. Rep. No. 2, 92nd Cong., 2d Sess., reprinted in [1972] U.S. Code Cong. & Ad. News 3288. It was not intended to supersede the RSFPP and, indeed, in section 3(c) of Pub. L. 92-425, 86 Stat. 712 (1972), it is noted that annuities under the RSFPP will continue in force as to those persons who had elected under it and who did not elect to change over to the new SBP. The SBP contained an plection provision which allowed service personnel who had retired prior to the effective date of the SBP (September 21, 1972) to irrevocably elect to receive benefits under the SBP rather than the RSFPP. Pub. L. 92-425, §3(b), 86 Stat. 711 (1972).
Pursuant to the election provision, SFC MacConnell filed an election form under the SBP on July 24, 1973. At that time he was not married to plaintiff, nor did he have any dependent children who would have been eligible to receive a survivor annuity under the SBP. However, he noted on the back of the form that he thought he might get married the next year and at that time he would supply the names of beneficiaries eligible to receive the survivor annuity. SFC MacConnell remarried plaintiff in 1974, but he never did designate her as his beneficiary on the election form he filed in July 1973; nor did he file a new election form subsequent to his remarriage in which he designated the plaintiff as his beneficiary.
On December 18, 1974 (after SFC MacConnell’s demise), plaintiff applied to the Army Board for the Correction of Military Records (hereinafter referred to as ABCMR) requesting that the election form which SFC MacConnell filed in July 1973 be corrected to show her as the beneficiary designated to receive all benefits under the provisions of the SBP. On January 9, 1976, the ABCMR found that although it was evident that SFC MacConnell *37 intended to participate in the SBP, he made no valid election to participate prior to his death. The ABCMR further stated that even if the deceased had made an election prior to his death, such election would not have entitled plaintiff to any benefits since she was not an eligible widow under the applicable statutes. Therefore, the ABCMR denied the relief requested by plaintiff. On reconsideration, the ABCMR again denied relief on April 8, 1976. The plaintiff then filed suit here.
The issue for our decision is whether plaintiff, the widow of SFC MacConnell, is entitled to receive a survivor annuity under the SBP. Plaintiff argues she is an eligible widow under the literal terms of the SBP and, therefore, is entitled to an annuity. Defendant contends she is not entitled to the annuity for the reasons assigned by the ABCMR.
We turn first to defendant’s contention that SFC MacConnell never made a valid election to participate in the SBP. The SBP expressly stated that it was applicable only to service personnel retiring after the effective date of the SBP (September 21, 1972), Pub. L. 92-425, §3(a), 86 Stat. 711 (1972), and not to service personnel who retired before that date. Pub. L. 92-425, §3(c), 86 Stat. 712 (1972). It became applicable to previously retired service personnel only if they filed a valid irrevocable election to participate in the SBP. Pub. L. 92-425, §3(b), 86 Stat. 711 (1972).[2] Since *38 SFC MacConnell was not married and had no eligible dependent children as of the effective date of the SBP (September 21, 1972), or within 18 months thereafter, he was limited in electing to participate in the SBP to the last sentence of section 3(b), which required him to follow the procedure outlined in the fourth sentence of 10 U.S.C. §1448(a) (Supp. V 1975). To comply with the fourth sentence of section 1448(a), SFC MacConnell had to make an affirmative written election to participate in the SBP, sign it, and deliver it to the Secretary concerned within one year from the date of the marriage or the date upon which he acquired a dependent child.
It is quite clear that SFC MacConnell intended to participate in the SBP. He attempted to file a written election to participate under the plan on July 24, 1973, on which he noted that he "might get remarried this year or next and a family will ensue/Names hopefully can be added at that time.” That election was invalid, however, for he lacked eligible beneficiaries at the time it was made. Since SFC MacConnell never filed another election form with the Secretary of the Army after his second marriage to the plaintiff, nor endeavored to render the July 24, 1973, election effective, we hold that he never made the election required in order for his surviving beneficiaries to participate in the SBP. Accordingly, we hold that plaintiff is precluded from receiving any benefits she may otherwise have been qualified to receive under the SBP for want of a valid election on the part of SFC MacConnell.
Alternatively, we hold that even if a valid election to participate in the SBP had been filed by SFC MacConnell, plaintiff is not entitled to receive a survivor annuity under the plan for she is not an eligible widow for purposes of the plan. Eligibility criteria for widows are set forth in 10 U.S.C. §1447(3) (Supp. V 1975) as amended by Pub. L. 94-496, §1(1), Oct. 14, 1976, 90 Stat. 2375:
(3) "Widow” means the surviving wife of a person who, if not married to the person at the time he became eligible for retired or retainer pay—
*39 (A) was married to him for at least one year immediately before his death; or
(B) is the mother of issue by that marriage.
The plaintiff does not qualify under subsection (A) for she was not married to SFC MacConnell for at least one year immediately before his death and so admitted at oral argument. Although the initial marriage produced two children, there was no issue of the second marriage. Since subsection (B) of section 1447(3) specifies "the mother of issue by that marriage” (emphasis supplied), the plaintiff cannot qualify under that provision either and so conceded at oral argument. Accordingly, unless the plaintiff meets the requirements of section 1447(3) by virtue of having been married to SFC MacConnell at the time of his retirement in 1964, she is not an eligible widow for purposes of the SBP.
On a cursory reading of section 1447(3), it appears that any surviving wife who was married to the service member at the time of his retirement is an eligible widow for purposes of the SBP. Plaintiff contends this broad reading of the statute is the correct interpretation. We cannot agree. We believe section 1447(3) must be interpreted in light of the other provisions of the SBP. As previously discussed, the other provisions of the SBP made it inapplicable to SFC MacConnell and his beneficiaries unless he affirmatively elected to participate in the plan. In SFC MacConnell’s case, since he was not married and had no dependent children on the date the plan became effective, or within 18 months thereafter, he was limited in his election options to electing to participate under the portion of §3(b), Pub. L. 92-425, 86 Stat. 711 (1972), which deals with later marriage. The only election permitted thereunder is one in accordance with the fourth sentence of 10 U.S.C. §1448(a) (Supp. V 1975) which begins, "However, a person who is not married when he becomes entitled to retired or retainer pay * * *”• (emphasis supplied). Thus, SFC MacConnell was limited in his ability to elect to participate in the SBP to a provision expressly designed for service members who were not married on the date the SBP became effective. And had SFC MacConnell not *40 remarried, he could not have elected to participate in the SBP.
Despite this plaintiff urges us to adopt an interpretation of section 1447(3) which qualifies her as an eligible widow under the SBP by virtue of her first marriage to SFC MacConnell which still existed at the time of his retirement in 1964, but which was terminated in 1968. She admits that she cannot qualify as an eligible widow under the plan by virtue of her second marriage to SFC MacConnell. Such an interpretation would have us holding that one marriage qualified her as an eligible widow and a different marriage allowed SFC MacConnell to elect to participate in the SBP. We decline to make such a strained and seemingly contradictory interpretation of section 1447(3).
We find further support for our conclusion in 10 U.S.C. §1452(a) (Supp. V 1975) as amended by Pub. L. 94-496, §§1(4) and (5), Oct. 14, 1976, 90 Stat. 2375, which provides in part that there shall be no reduction in the retired or retainer pay a retired service member receives under the SBP "during any month in which there is no eligible spouse beneficiary.” Were we to adopt the interpretation of section 1447(3) urged by plaintiff, we would be laying the SBP open to potential abuse. A service member could, by obtaining a divorce immediately after retirement and remarrying his former wife shortly before death, secure the benefits of the SBP for his spouse without having his share of the cost deducted from his retired pay. Congress clearly did not intend such a result.
CONCLUSION
For the foregoing alternative reasons, we grant defendant’s cross motion for summary judgment, deny plaintiffs motion for summary judgment, and dismiss the plaintiffs petition.

 SFC MacConnelPs election under the RSFPP became inoperative with the 1968 divorce for at that time he had no further eligible beneficiaries. Despite this the record indicates that SFC MacConnell’s retirement annuity continued to be reduced in order to fund the survivor annuity he had elected. The Army, however, indicated in the record that it was willing to pay over the monies erroneously withheld after the 1968 divorce and it appears to have done so.

 Section 3(b) of Pub. L. 92-425, 86 Stat. 711 (1972), as amended by Pub. L. 93-155, Title VII, §804, 87 Stat. 615 (1973), reads:
"(b) Any person who is entitled to retired or retainer pay on the effective date of this Act may elect to participate in the Survivor Benefit Plan established pursuant to clause (3) of the first section of this Act at any time within eighteen months after such date. However, such a person who is receiving retired or retainer pay reduced under section 1436(a) of title 10, United States Code, or who is depositing amounts under section 1438 of that title, may elect at any time within eighteen months after the effective date of this Act—
(1) to participate in the Plan and continue his participation under chapter 73 of that title as in effect on the day before the effective date of this Act, except that the total of the annuities elected may not exceed 100 percent of his retired or retainer pay; or
(2) to participate in the Plan and, notwithstanding section 1436(b) of that title, terminate his participation under chapter 73 of that title as in effect on the day before the effective date of this Act.
A person who elects under clause (2) of this subsection is not entitled to a refund of amounts previously deducted from his retired or retainer pay under chapter 73 of title 10, United States Code, as in effect on the day before the effective date of this Act, or any payments made thereunder on his behalf. A person who is not married or *38 does not have a dependent child on the first anniversary of the effective date of this Act, but who later marries or acquires a dependent child, may elect to participate in the Plan under the fourth sentence of section 1448(a) of that title.”