Addie Jane ("Jane") FLYNN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 99–239C.

United States Court of Federal Claims.

March 29, 2000.

Donald R. Whitney, Overland Park, KS, for plaintiff.

Sean Griffin, U.S. Department of Justice, Washington, DC, with whom were Acting Assistant Attorney General David W. Ogden, Director David M. Cohen, and Assistant Director Bryant G. Snee, for defendant. Lt. Jillian Morrison, JAGC, USN, U.S. Department of the Navy, Office of the Judge Advocate General, Washington, DC, of counsel.

## OPINION

FIRESTONE, Judge.

This case comes before the court on defendant's motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(4) of the Rules of the Court of Federal Claims ("RCFC"). At issue is whether plaintiff, the wife of a deceased Navy captain, is eligible for an an-

nuity under the Survivor Benefit Plan ("SBP"), 10 U.S.C. §§ 1447–1455 (1994).

## FACTS

Addie Flynn, the surviving spouse of a retired Navy captain, seeks an annuity under the Survivor Benefit Plan. The SBP program allows military retirees to provide for annuity benefits to their survivors upon their death. Under the SBP, participating service members contribute a portion of their retirement pay to fund annuity payments for their designated beneficiaries. *See id.* § 1452. Participation in the SBP is automatic for service members who are married or have dependent children when they become eligible to participate in the SBP, *i.e.,* when they become eligible for retired pay. *See id.* § 1448(a)(1)(A), (a)(2)(A). Service members who do not have spouses or dependent children at the time they become eligible for retired pay may elect to provide an annuity for their "former spouse" or certain other beneficiaries if they provide the required statutory notice. *See id.* § 1448(b)(1), (2). In addition, service members who marry or acquire a dependent child after becoming eligible for retired pay may elect to include that spouse or dependent child in the program if they provide the required statutory notice. *See id.* § 1448(a)(5). Similarly, service members who are married upon becoming eligible to participate in the plan, but who later divorce, may elect to provide an annuity to their now-former spouse if they provide the required statutory notice. *See id.* § 1448(b)(3). Finally, periodically Congress passes legislation that permits service members who miss the statutory notice deadlines for the different categories to elect to provide an annuity under special open enrollment periods. *See id.* § 1448 note. Under the special open enrollment period in effect in this case there is a two-year waiting period before the right to an annuity vests. *See id.*

It is against this statutory backdrop and in accordance with the standards governing a motion to dismiss, that the court will evaluate Addie Flynn's claim. The following facts are deemed true. Mrs. Flynn was first married to Navy Captain William Flynn on September 2, 1962. They had two children, born in 1963 and 1965. They were then divorced in 1975. More than ten years later, on October 1, 1986, Captain Flynn retired from the Navy. At the time of his retirement, Captain Flynn was unmarried and had no children under age 18. Accordingly, he did not have any wife or child automatically eligible for participation in the SBP. In addition, Captain Flynn did not elect to have anyone included in the SBP when he retired.

Nearly five years after he retired, on April 21, 1991, Captain Flynn and Addie Flynn remarried. According to Mrs. Flynn, following the remarriage, she and Captain Flynn made three inquiries to the Defense Financing and Accounting Service ("DFAS"), which is responsible for administering the SBP, regarding Captain Flynn's interest in providing Mrs. Flynn with a survivor's annuity under the SBP. Mrs. Flynn alleges that the DFAS told her that Captain Flynn could make the election at any time because of their former marriage. It was not until two years later, however, on February 20, 1993, that Captain Flynn first notified the DFAS of his election to provide a survivor's annuity for Mrs. Flynn.

Mrs. Flynn alleges that Captain Flynn contacted the DFAS to confirm his February 20, 1993 election, whereupon he was told that the SBP benefit was immediately effective because the Flynn's had been previously married. However, when Captain Flynn contacted the DFAS a second time to confirm his election, he was informed that the DFAS could not locate his election notice. Thereafter, on March 4, 1993, Captain Flynn filed another election notice. This time Captain Flynn filed under a special open enrollment period, which allows service members to make elections outside the statutory time limits. Under this program, rights to an annuity do not vest until two years after the election. *See id.* Mrs. Flynn recognizes that under the open enrollment program there is a two-year waiting period before benefits vest, but contends that the DFAS assured her and Captain Flynn that her SBP annuity rights were not subject to this two-year waiting period because she was a "former spouse." *See id.*

Following receipt of his election forms, the DFAS began deductions from Captain Flynn's April 1993 retired pay, to begin funding a surviving spouse annuity for Mrs. Flynn. On April 23, 1993, Captain Flynn died of a heart attack. Mrs. Flynn contends that she contacted the DFAS on April 28, 1993, regarding Captain's Flynn death, and was assured at that time that she would begin receiving her survivor's annuity. On May 29, 1993, Mrs. Flynn again contacted the DFAS to inquire about her SBP benefits, at which time, she alleges she was again assured that she was entitled to receive SBP benefits. Later, however, the DFAS informed Mrs. Flynn that SBP benefits were being denied on the grounds that her husband's 1993 election was not effective because it had not been made within one year of the Flynn's 1991 remarriage. The DFAS explained that under section 1448(a)(5) of the SBP, a service member, like Captain Flynn, who is not married at the time he becomes eligible for retired pay, but marries after he becomes eligible, must elect to include his spouse in the SBP "within one year after he marries." *Id.* § 1448(a)(5).

Mrs. Flynn appealed the decision to deny her inclusion in the SBP to the Board for Correction of Naval Records, which denied her request. She then filed the present action on April 22, 1999, seeking a reversal of the Board's decision and a judgment requiring the government to provide her with SBP benefits from the date of her husband's death on April 23, 1993.

The government moved to dismiss the complaint for failure to state a claim, under RCFC 12(b)(4), on October 29, 1999. The parties briefed the matter and the court heard arguments on March 14, 2000.

## DISCUSSION

Mrs. Flynn contends that as a former spouse, she was not bound by the one-year time limit for an election under section 1448(a)(5). Instead, Mrs. Flynn claims that under the former spouse provision, section 1448(b)(2), Captain Flynn could make an effective election to include her in the SBP at any time. In this case, the court must decide whether Mrs. Flynn is bound by section 1448(a)(5) as a remarried spouse, or whether she may rely on the former spouse provision, section 1448(b)(2), despite her remarriage to Captain Flynn. In addition, even if the court finds that Mrs. Flynn may rely on the former spouse provision, the court must determine whether there was an effective election under section 1448(b)(2).

### A. Standard of Review

Rule 12(b)(4) provides for dismissal based on the "failure to state a claim upon which relief can be granted." RCFC 12(b)(4). A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where the plaintiff cannot assert a set of facts that would support her claim. *See Chang v. United States,* 859 F.2d 893, 894 (Fed.Cir.1988). In deciding a motion to dismiss under Rule 12(b)(4), the court must accept as true the allegations of fact made by the plaintiff, and it must make all reasonable inferences in favor of the plaintiff. *See Highland Falls–Fort Montgomery Cent. Sch. Dist. v. United States,* 48 F.3d 1166, 1169–70 (Fed.Cir.1995).

### B. Applicable Law

As a threshold matter, the court must determine the appropriate law to apply in deciding this dispute. The relevant provisions of the SBP were amended in 1996, some three years after Captain Flynn endeavored to include Mrs. Flynn in the SBP. Between 1991 and 1993, the relevant time period in this case, the pertinent provisions of section 1448 of the SBP provided as follows:

(a)(5) A person who is not married when he becomes eligible to participate in the Plan but who later marries ... may elect to participate in the Plan, but his election must be written, signed by him, and received by the Secretary concerned within one year after he marries ....

(b)(2) A person who has a former spouse when he becomes eligible to participate in the Plan may elect to provide an annuity to that former spouse.

10 U.S.C. § 1448(a)(5), (b)(2) (1994). These provisions were amended in 1996 and now provide:

> (a)(5) *Participation by person marrying after retirement, etc.—(A) Election to participate in Plan.*—A person who is not married and has no dependent child *upon becoming* eligible to participate in the Plan but who later marries ... may elect to participate in the Plan.
>
> *(B) Manner and time of election.*—Such an election must be written, signed by the person making the election, and received by the Secretary concerned within one year after the date on which that person marries....
>
> (b)(2) *Former spouse coverage upon becoming a participant in the Plan.—(A) General Rule.*—A person who has a former spouse *upon becoming* eligible to participate in the Plan may elect to provide an annuity to that former spouse.

*Id.* (Supp. II 1996) (changes *underlined* ).

Mrs. Flynn argues that these amendments change the eligibility criteria and that the court must apply the language in effect in 1993—the time of her husband's election. The government contends that, although Mrs. Flynn would not qualify for benefits under either the 1993 or 1996 version of the SBP, the court should apply the law in effect at the time the court renders its decision. *See Bradley v. School Board of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).

Although the court does not read the 1996 amendments to the SBP as changing the earlier eligibility criteria, given that Mrs. Flynn's right to benefits is at issue, the court will resolve any doubt in favor of Mrs. Flynn and follow the "traditional presumption [in our jurisprudence] against applying statutes affecting substantive rights, liabilities, or duties to conduct arising before their enactment." *See Lowry ex rel. Lowry v. Secretary of Health and Human Servs.,* 189 F.3d 1378, 1380 (Fed.Cir.1999) (alteration in original) (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 278, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). However, the court

also notes that the subsequent 1996 amendments are relevant to the court's construction of the statute to the extent they clarify Congressional intent. *See Loving v. United States,* 517 U.S. 748, 770, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996) (holding that congressional legislation that expresses the intent of an earlier statute must be accorded "great weight") (citing *Red Lion Broad. Co. v. Federal Communications Comm'n,* 395 U.S. 367, 380–81, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969)); *Andrus v. Shell Oil Co.,* 446 U.S. 657, 666–71, 100 S.Ct. 1932, 64 L.Ed.2d 593 (1980); *Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 U.S. 572, 596, 100 S.Ct. 800, 63 L.Ed.2d 36 (1980). Thus, for the purposes of this decision, the court will examine the law as it existed during the relevant periods between 1991 and 1993, when Captain and Mrs. Flynn remarried, and Captain Flynn provided notice of his election to provide an annuity to Mrs. Flynn to the DFAS.[1]

**C. Mrs. Flynn Lost Her "Former Spouse" Status When She Remarried**

Recognizing that Captain Flynn failed to make a timely election for a new spouse under section 1448(a)(5), Mrs. Flynn argues that section 1448(a)(5) is not controlling because she was also a "former spouse" under section 1448(b)(2). In construing a statute, the court must look to its plain terms. *See Chevron v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574, 1579 (Fed.Cir.1990). Where the language of a statute is unambiguous, the words are controlling. *See Robinson v. Shell Oil Co.,* 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997); *Chevron,* 467 U.S. at 842–43, 104 S.Ct. 2778; *VE Holding Corp.,* 917 F.2d at 1579. However, the court must not be guided by a single sentence or phrase. *See Supermex, Inc. v. United States,* 35 Fed. Cl. 29, 39 (1996) (citations omitted). The court must try to read the statute as a whole, to give effect to all of its parts, and to avoid, if possible, rendering language superfluous. *See City of Tacoma v. Richardson,* 163 F.3d

---

1. The court also applies the earlier version of section 1447, the definitions section, although the language of the relevant definitions has not changed since then.

1337, 1341 (Fed.Cir.1998). In accordance with these principles, the court must determine whether Mrs. Flynn qualifies as a "former spouse" under the SBP statute.

██ The term "former spouse" is defined in section 1447(6) of the SBP as the "the surviving *former* husband or wife of a person who is eligible to participate in the Plan." 10 U.S.C. § 1447(6) (emphasis added). The SBP does not define current spouse, but it does define "widow" in section 1447(3) to mean: "the surviving wife of a person who, if not married to the person at the time he became eligible for retired pay ... was married to him for at least one year immediately before his death." *Id.* § 1447(3)(A). There can be no doubt that Mrs. Flynn's status fits squarely within the SBP's definition of "widow." She was not married to Captain Flynn at the time he became eligible for retired pay, and she admittedly was married to him at least one year before his death. To treat Mrs. Flynn as a former spouse would ignore the fact that her situation is specifically defined under the definition for "widow" and that the definition of "former spouse" literally applies to a "surviving *former* spouse." Accordingly, by the very terms of the statute, Mrs. Flynn is not a "former spouse."

Even if the definitions were not clear, the court could not simply ignore Mrs. Flynn's remarriage to Captain Flynn, as Mrs. Flynn argues. As noted above, section 1448(a)(5) specifically governs SBP elections by service members who marry *after* they begin to receive retired pay. Where a specific provision governs eligibility, the court must apply that provision. *See Fourco Glass Co. v. Transmirra Prods. Corp.,* 353 U.S. 222, 228–29, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) ("However inclusive may be the general language of a statute, it will not be held to apply to a matter specifically dealt with in another part of the enactment.... Specific terms prevail over the general in the same or another statute which otherwise might be controlling.") (alteration in original) (citations omitted). Section 1448(a)(5) expressly governs the election of benefits where the service member "is not married when he becomes eligible to participate in the Plan but who later marries." 10 U.S.C. § 1448(a)(5).

Captain Flynn was not married at the time he became eligible to participate in the Plan, but was remarried to Mrs. Flynn in 1991. As such, Mrs. Flynn is covered under section 1448(a)(5), which expressly applies to Mrs. Flynn's situation.

██ Mrs. Flynn further asserts in her complaint that the DFAS, in its conversations with her, repeatedly told her and her husband that she was eligible for inclusion in the SBP, without regard to the one-year election limitation, due to her first marriage to Captain Flynn. However, even assuming Mrs. Flynn's statements are true, the government is not bound by erroneous statements of its employees. *See Office of Personnel Management v. Richmond,* 496 U.S. 414, 421, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) (holding that, absent fraud by the government, estoppel could never be asserted against it in suits to compel the payment of money from the public treasury in contravention of eligibility requirements contained in an Act of Congress). Further, these statements do not rise to the level of estoppel. In addition to the traditional elements of estoppel—reasonable, detrimental reliance on an adversary's intentional misrepresentation, "[i]t is now settled that to estop the Government there must at least be affirmative misconduct, leading to unfairness, on the part of a Government official." *See Hanson v. Office of Personnel Management,* 833 F.2d 1568, 1569 (Fed.Cir.1987) (citing *Heckler v. Community Health Servs.,* 467 U.S. 51, 60, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)). Although the Supreme Court has espoused no clear standard for establishing affirmative misconduct, others on this court have required a showing of bad faith or reckless behavior with intent to injure the claimant or with knowledge of the true facts. *See Melrose Assocs. v. United States,* 45 Fed.Cl. 56, 59 (1999). In the absence of any allegation of such circumstances by Mrs. Flynn, the alleged erroneous statements of DFAS employees are irrelevant.

Having concluded that the language of section 1448(a)(5) squarely fits the facts of this case, the court must apply the time limit in that section to Mrs. Flynn. Under section 1448(a)(5), Captain Flynn was required to

make the election "within one year after he marrie[d]" Mrs. Flynn. Captain Flynn did not make an election until 1993, two years after he remarried Mrs. Flynn. Therefore, his election was untimely, and Mrs. Flynn is not entitled to receive benefits.[2] Contrary to Mrs. Flynn's assertion, the court is not persuaded that this interpretation will discourage former spouses from remarrying the service members to whom they were previously married. Applying section 1448(a)(5) to a former spouse who remarries a service member does not preclude participation in the SBP, it merely requires notice of an election to participate within one year of the remarriage.

### D. Even If the Former Spouse Provision Applied, Captain Flynn's Election Was Not Timely

Finally, Mrs. Flynn would not be entitled to an annuity even if she were covered under the former spouse provision. Contrary to Mrs. Flynn's contentions, the court does not read section 1448(b)(2) as allowing service members to elect to provide annuities to their former spouses at any time.

Section 1448(b)(2) provides that "[a] person who has a former spouse *when he becomes eligible to participate in the Plan* may elect to provide an annuity to that former spouse." 10 U.S.C. § 1448(b)(2) (emphasis added). A person becomes eligible to participate in the SBP when he becomes eligible to receive retired pay. *See id.* § 1448(a)(1)(A). Mrs. Flynn asserts that the term "when" identifies the point in time when former spouse status is determined, not when the service member must make an election. According to Mrs. Flynn, there is no time limit on making an election to provide an annuity to a former spouse. The government argues that the language, "when he becomes eligible to participate in the Plan," sets forth the time frame within which the service member

must make an election for a former spouse, *i.e.*, when the service member retires and begins to collect retired pay.

■ Construing the plain language of section 1448(b)(2) in the context of the SBP as a whole, the court agrees with the government that an election for a former spouse must be made "when [*i.e.*, at the time] he becomes eligible to participate in the Plan." "We consider not only the bare meaning of the word but also its placement and purpose in the statutory scheme." *Bailey v. United States,* 516 U.S. 137, 145, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). A statute must be construed in light of its purpose. *See Wassenaar v. Office of Personnel Management,* 21 F.3d 1090, 1096 (Fed.Cir.1994). The purpose of the SBP statute is to permit military retirees to establish annuities for surviving current or former spouses or other dependents through a reduction in retired pay. *See* Sen. Rep. No. 92–1089, *reprinted in,* 1972 U.S.C.C.A.N. 3288. To this end, the statute sets forth eligibility requirements for various classes of beneficiaries. For example, current spouses or dependent children of service members are automatically enrolled to participate, unless the service member elects not to include them before his retired pay begins. *See* 10 U.S.C. § 1448(a). In order for former spouses or other potential beneficiaries known at retirement to be included in the SBP, the service member must make an affirmative election under the statute.

■ Congress identified the point at which a service member begins participating in the SBP—retirement—as significant because a portion of his or her retired pay is withheld to fund the annuity to the surviving beneficiary. *See id.* § 1452. Thus, the operative time frame for an election to participate corresponds to the service member's eligibility for retired pay. *See id.* § 1448(a)(1)(A).

---

**2.** The Court of Claims decision in *MacConnell v. United States,* 217 Ct.Cl. 33, 1978 WL 5756 (1978), is consistent with this court's holding. In *MacConnell* the Court of Claims held that the widow of a service member, who had been previously married, divorced, and then remarried to that service member, was not entitled to a SBP annuity because her husband had not effected a valid election within one year after they were

remarried, as required under section 1448(a). *Id.* at 38. The court further found that, even if SFC MacConnell had made a valid election, Mrs. MacConnell would be ineligible to receive an annuity because she was not married to SFC MacConnell "for at least one year immediately before his death," as provided under section 1447(3)(A). *Id.* at 38–39.

Other than a congressionally mandated open enrollment period, the only time that a service member is permitted to make an election after this operative time frame is in the event of changed circumstances, such as where the service member marries, acquires a dependent child, or obtains a divorce some time *after* becoming eligible to participate in the Plan. *See, e.g.,* 10 U.S.C. § 1448(a)(5), (b)(3). Under these special circumstances, the service member could not have made an election upon retirement because the special circumstance that triggered participation—*i.e.,* the new marriage, child, or divorce—occurred some time *after* retirement. Thus, sections 1448(a)(5) and (b)(3) permit the service member to make an election to include these "new" beneficiaries within one year of marrying, acquiring a dependent child, or divorce, at which time deductions from retired pay would begin.

Mrs. Flynn argues that to interpret the statute in this way undermines the "hierarchy" among the various persons that might be entitled to receive benefits. According to Mrs. Flynn, a new spouse, who may be provided an annuity under section 1448(a)(5) has a less favored status than a "former spouse," because the former spouse had a prior insurable interest under the SBP. Hence, Mrs. Flynn argues that an election to provide an annuity to a new spouse must be made within one year, while an election to provide an annuity to a former spouse may be made at any time. In fact, Mrs. Flynn's argument is not supported by the statute. As noted above, service members who divorce after they retire must elect to provide an annuity to their now "former spouse" within one year of the divorce. *See id.* § 1448(b)(3)(A). The court finds Mrs. Flynn's hierarchy argument unpersuasive in light of the plain language of the statute, which clearly sets forth time limits for an election for each class of beneficiaries including former spouses, except for a service member's current spouse or dependent child, in which case participation is automatic.

Moreover, the court's reading of the statute is confirmed by the current version of section 1448(b) which now reads, in relevant part:

(b)(2) Former spouse coverage *upon becoming a participant in the Plan.*—(A) General Rule.—A person who has a former spouse *upon becoming eligible to participate in the Plan* may elect to provide an annuity to that former spouse.

10 U.S.C. § 1448(b)(2) (Supp. II 1996) (emphasis added). This new version of the statute clarifies that Congress intended a former spouse election to be made "upon becoming eligible to participate in the Plan," *i.e.,* upon becoming eligible to receive retired pay. *Id.* Although this new language is not binding on Mrs. Flynn, as explained above, it does assist the court in deciphering Congress' intent in the original enactment. *See, e.g., Loving,* 517 U.S. at 770, 116 S.Ct. 1737; *Shell Oil Co.,* 446 U.S. at 666–71, 100 S.Ct. 1932; *Seatrain Shipbuilding Corp.,* 444 U.S. at 596, 100 S.Ct. 800.

Based on the structure and plain language of the SBP, as further clarified by the 1996 amendments, the court concludes that an election under section 1448(b)(2) must be made when the service member becomes eligible to receive retired pay. Captain Flynn did not elect to provide Mrs. Flynn with an annuity at that time. Therefore, even if the former spouse provision applied to Mrs. Flynn, Captain Flynn's election was not timely under that provision. Having concluded that Mrs. Flynn is not entitled to a SBP annuity because Captain Flynn failed to make a timely election under either section 1448(a)(5) or (b)(2), the court need not address Mrs. Flynn's request for correction of Captain Flynn's naval records. Mrs. Flynn has failed to state a claim for any correction.

**CONCLUSION**

In view of the forgoing, the plaintiff has failed to state a claim for relief and the court GRANTS the government's motion to dismiss. Each party to bear its own costs.